## PATRICK v. STATE.

APPEAL AND ERROR—ABSENCE OF BILL OF EXCEPTIONS—QUESTIONS PRESENTED BY RECORD—CRIMES—BRINGING DISEASED SHEEP INTO THE STATE—INFORMATION—SUFFICIENCY—SURPLUSAGE ALLEGATIONS—WAIVER OF DEFECTS BY PLEADING TO THE MERITS—VALIDITY OF STATUTE—INTERSTATE COMMERCE—POLICE REGULATION—BRIEFS—JURISDICTION.

1. Where there is no bill of exceptions the only errors that can be considered are such as appear upon the face of the record.

2. The record of a proceeding in error in a criminal case containing only the information, a plea of guilty, the judgment, a paper entitled a motion in arrest of judgment, and the order denying said motion, the sole questions presented are: The sufficiency of the information to state an offense; and the jurisdiction of the trial court of the subject matter of the action.

3. Under a statute making it unlawful to bring sheep into the state infected with scab or other infectious or contagious disease, an information is not bad because it charges that the defendant brought diseased sheep into the state, and also that he caused them to be brought in, for, if causing them to be brought in is no crime, that allegation is mere surplusage, and by express provision of the statute surplusage allegations do not render an indictment or information invalid, where there is sufficient matter alleged to indicate the crime or person charged.

4. The defect, if any, in the information because of charging that the defendant caused the diseased sheep to be brought into the state, in addition to charging that he brought them in, was waived by pleading to the merits.

5. By pleading guilty a defendant admits the facts sufficiently pleaded in the indictment or information. The defendant having pleaded guilty to the information in question he admitted bringing the sheep into the state, and that they were infected with scab; and that constituted the offense.

6. The statute making it unlawful to bring diseased sheep into the state, and prescribing a punishment therefor is not void as an interference with interstate commerce, but is a reasonable and necessary exercise of the police power of the state to exclude from its borders diseased sheep, the introduction of which would endanger the sheep industry in the state.

7 A brief in support of the contention that a statute is' void for a defect in its title which cited and referred to sections of the constitution having no bearing on the question, quoted statutes having no reference to the act involved and incorrectly quoted others and their titles, is held to be so unintelligible as to present no question.

8. The district court of an interior county in the state into which diseased sheep are shipped has jurisdiction of the offense under a statute making the bringing of diseased sheep into the state unlawful.

[Decided December 22, 1908.]                    (98 Pac. 588.)

ERROR to the District Court, Natrona County, HON. CHARLES E. CARPENTER, Judge. ·

The facts are stated in the opinion.

*Allen G. Fisher,* for plaintiff in error.

The court was without jurisdiction. A warrant was issued without any copy of complaint or information attached, and was served in a different county. The information showed upon its face that the defendant was not guilty and that from natural causes no one could be guilty of importing from without the state into Natrona County any live stock, that being an interior county of the state. The section under which the prosecution was brought is void for defect in the title of the act. It is void also because of a

plain regulation of interstate commerce; a regulation extending to prohibition or great or unfair discrimination. (Gibbons v. Ogden, 9 Wheat. 203; Kosciusko v. Slomberg, 48 Am. St. 281; Hannibal v. Houston, 95 U. S. 468; Salsenstein v. Mavis, 91 Ill. 391; R. R. Co. v. Ohio, 173 U. S. 285; Scott v. McDonald, 165 U. S. 91.) The information did not allege any violation of law. The section does not forbid causing of diseased sheep to be brought into the state. It forbids only wilfully and knowingly bringing them in. The defendant admitted by his plea of guilty only that he did bring into the state and cause to be brought into the state the sheep in question. If he caused this to be done some other party was guilty of bringing them in. How can the court say which of these the defendant did? But there is no charge that he brought them into any border county of the state, that is to say, across the state line. It is not made a crime to bring them into the county where this prosecution was brought, but only into the state. (Surface v. R. R. Co., 63 Mo. 452.)

*W. E. Mullen,* Attorney General, for the State.

The jurisdiction of the trial court and the sufficiency of the information seem to be the only questions to be considered upon the merits of the case. Want of jurisdiction must affirmatively appear upon the record. The court was one of original jurisdiction for the trial of persons accused of crimes and misdemeanors. The record clearly shows jurisdiction of the subject matter and of the person. No warrant or summons are in the record, but it does appear by an indorsement by the clerk of court upon the information that the defendant waived service of a certified copy thereof and thereupon entered a plea of guilty. The judgment and sentence show an arraignment; that the defendant was advised by the court as to his rights; and that thereupon he entered a plea of guilty to the offense charged. A fine was thereupon imposed and it was ordered that in default in payment of fine and costs the defendant be imprisoned in the county jail. The so-called motion in arrest of judg-

·ment was not only filed after judgment but it does not follow the statutory form, and if it presents any question it would be that of jurisdiction or sufficiency of the information. There is nothing in the record showing the .payment of fine and costs under protest, or at all, and for anything appearing to the contrary the defendant may now be in the county jail serving out said fine and costs.

There would appear to be no question as to the jurisdiction of the court to render judgment and fix the punishment prescribed by law upon the facts shown by the record. (Hollibaugh v. Hehn, 13 Wyo. 276.) The proposition. that the court in an interior county would not have jurisdiction of the offense is hardly worthy of serious discussion, as the sheep were brought in on the railroad and consigned direct to Casper, Natrona County. They were just as much in the state when in that county as if they had been unloaded in a county located on the state line. The offense was not complete until the sheep were unloaded in the state at destination, for had they been carried through and out of the state, no offense would have been committed. The act is not void as a regulation of interstate commerce, but falls clearly within the police power of the state. The information is sufficient. The objection relates to the manner in which the offense was charged and could have been taken advantage of only by motion to quash, plea in abatement, or demurrer. (Koppala v. State, 89 Pac. 576; Wilbur v. Territory, 3 Wyo. 268; Tway v. State, 7 Wyo. 74; Miller v. State, 3 Wyo. 657.)

Beard, Justice.

An information was filed by the county and prosecuting attorney of Natrona County in the district court of that county charging the plaintiff in error, E. W. Patrick, with the crime of bringing into the state sheep that were infected with scab. The charge contained in the information being as follows: "that E. W. Patrick, late of the county aforesaid, on or about the sixth day of December, A. D. 1906, in the County of Natrona, in the State of Wyoming, did

wilfully and knowingly bring into the State of Wyoming and County of Natrona and did willfully and knowingly cause to be brought into the county and state aforesaid 188 head of bucks, the said bucks being · then and there infected with scab." To this information he pleaded guilty and was sentenced to pay a fine of $725, and costs. From that judgment he brings the case here on error.

There is no bill of exceptions in the case; and hence the only alleged errors that can be considered here are such as appear upon the face of the record. The record contains the information, the plea of guilty by the defendant, the judgment, and what is entitled a motion in arrest of judgment, and the order of the court denying said motion. The assignment of errors as contained in the petition in error are, "1. The district court of Natrona County was without jurisdiction of the subject matter of said prosecution. 2. The said information filed herein on December 8, 1906, wholly failed to state facts which constitute any violation of the laws of Wyoming. 3. The court was without jurisdiction to give judgment. 4. The court erred in overruling the motion of defendant in arrest of judgment. 5. The court erred in overruling the motion of defendant to set aside his plea of guilty." ·

In the absence of a bill of exceptions it is clear that this record presents but two questions, viz: the sufficiency of the information to state an offense; and the jurisdiction of the district court of the subject matter of the action. The statute upon which the information is based is Sec. 2090, R. S. 1899, as amended and re-enacted by Sec. 4, Ch. 98, S. L. 1905, and is as follows: "It shall be unlawful for any person to bring into this state any sheep infected with scab or any other infectious or contagious disease, or that have in any manner been exposed to such disease. If any person shall violate the provisions of this section, he shall, upon conviction thereof, be punished by imprisonment in a county jail for a term of not exceding sixty days or a fine of not

less than five hundred nor more than one thousand dollars, or both."

It is argued that the information is bad because it alleges that the defendant brought diseased sheep into the state and also that he caused them to be brought in; and that the court could not know by defendant's plea which of these acts he committed, and that the latter is not a violation of the statute. It is not claimed that the information does not sufficiently charge the offense of bringing diseased sheep into the state; and if it be true that the fact that he only caused them to be brought in is no crime, then that allegation was mere surplusage and by the express provision of our statute "no indictment shall be deemed invalid, nor shall the trial, judgment or other proceedings be stayed, arrested or in any manner affected:  *  *  *  for any surplusage or repugnant allegation where there is sufficient matter alleged to indicate the crime or person charged." (Sec. 5301 R. S. 1899.) And, again, the objection is to the manner in which the offense is·charged and the defect, if any, was waived by pleading to the merits. By pleading guilty the defendant admitted the facts that were sufficiently pleaded. He admitted that he brought the sheep into the state and that they were infected with scab; and that constituted the offense.

It is also claimed that the statute is void because it conflicts with the clause of the Constitution of the United States that ordains "Congress shall have power to regulate commerce with foreign nations and among the several states," &c. But we do not regard our statute as an attempt to regulate interstate commerce or as in fact doing so; but is rather a reasonable and necessary exercise of the police power of the state to exclude from its borders diseased sheep, the introduction of which would endanger the sheep industry of the state. A statute of Colorado which made it a misdemeanor for any one to bring into the state diseased animals or those that had been brought in contact with such diseased animals within ninety days

prior to their importation; and also prohibiting the bring-
ing. into the state of horses or cattle from a state or ter-
ritory south of the 36th parallel of north latitude during
certain seasons, unless the importer should procure from
the State Veterinary Sanitary Board of Colorado a certifi-
cate that the animals were free from all infectious or con-
tagious diseases, was attacked upon the ground that it
violated the constitutional provision above referred to. The
case went to the supreme court of the United States, and
it was held that the statute was valid; and in the opinion
that court said: "Now, it is said that the defendant has a
right under the Constitution of the United States to ship
live· stock from one state to another state. This will be
conceded on all hands. But the defendant is not given
by that instrument the *right* to introduce into a state, against
its will, live stock affected by a contagious, infectious or
communicable disease, and whose presence in the state will
or may be injurious to its domestic animals. The state—
Congress not having assumed charge of the matter as in-
volved in interstate commerce—may protect its people and
their property against such dangers, taking care always
that the means employed. to that .end do not go beyond the
necessities of the case or unreasonably burden the exercise
of privileges secured by the Constitution of the United
States." . (Reid v. Colorado, 187 U. S. 137-151.) And in
Railroad Co. v. Husen, 95 U. S. 465-472, the right of a
state to pass sanitary laws for the protection of life, health
or property within its borders, and to prevent persons and
animals suffering from contagious or infectious diseases
from entering the state, is expressly admitted, so long as
such laws do not interfere with transportation into or
through the state beyond what is necessary for its self-
protection. It might not be out of place to suggest that
it may at least be questionable whether either animals
infected with an infectious or contagious disease, or articles
containing the germs of disease, the introduction of which
into a state would endanger ·the health of its domestic ani-

mals or its inhabitants, can be regarded as articles of commerce exempt from state police regulations.

It is further contended that the statute is unconstitutional by reason of some defect in its title; and counsel for plaintiff in error cites Section 23 of Article 3 of the Constitution of Wyoming, but that section has no reference to the title of an act. He then purports to quote from another provision of our constitution but does not quote it correctly. He then quotes the title to Chapter 57, S. L. 1897, and states in his brief that "the legislature of 1897 enacted Chapter 30 headed Sheep Inspectors entitled 'An act to amend Chapter 57 of the Session Laws of 1897, approved March 1st, 1897,'" etc. Chapter 30, S. L. 1897, has no reference whatever to Chapter 57, S. L. 1897, and relates to an entirely different subject. The brief in this respect is so unintelligible that it presents no question.

It is further contended that the district court of Natrona County had no jurisdiction of the offense, for the reason that Natrona is an interior county and that the offense, if committed at all, must have been committed in the county which the sheep first entered. We think the point is not well taken. It is stated by counsel in argument that the sheep were shipped by rail to a station in Natrona County, that being their destination, and there is nothing in the record to the contrary. The statute does not attempt to prohibit shipments in that manner of such sheep through the state or through any county, but prohibits the bringing into any part of the state diseased sheep, the effect of which would be to endanger the health of its domestic sheep.

We find no error in the record and the judgment of the district court is affirmed.                    *Affirmed.*

POTTER, C. J., and SCOTT, J., concur.