STATE, Respondent, v. CARMEL, Appellant.

(154 N. W. 808.)

(File No. 3883.   Opinion filed November 16, 1915.)

1. **Indictment and Information—Impossible Date of Commission of Offense—Amendment on Trial—Failure to Object—Court's Presumed Knowledge of Amendment—New Plea, Necessity of.**

Where the information for a felony erroneously stated a future and impossible date as that on which the offense was committed, and the state's attorney, immediately after plea entered by defendant, in presence of and with knowledge of defendant's counsel, changed the date therein to one year earlier, whereupon the trial proceeded without objection by defendant to the information or to the change made therein, **held**, that defendant's contention, in arrest of judgment, that trial court was without jurisdiction because no legal information had been filed, that, the original date charging crime on an impossible date, the information did not invoke jurisdiction, that after plea the change was made without authority of the court, and no issue was joined thereon, and that no new arraignment was made after such change, is without merit; that no question is raised but that trial court could have allowed amendment;

that if trial court had allowed the amendment and case had then gone to verdict without new plea, the failure to plead would not have 'been fatal, the naming of the wrong year being merely a clerical error; that, nothing to contrary appearing, the Supreme Court would be bound to presume, in support of the judgment of conviction, that the change was made with knowledge of trial court; that the record shows trial court, in instructing jury, considered the trial was had upon an information fixing the date as changed, that, as the preliminary complaint properly fixed the time, defendant was not misled by the amendment of information; and that, under Code Crim. Proc., Sec. 500, requiring the Supreme Court to "give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties," the judgment will not be reversed, but, if necessary, the Court should treat it as though trial court had expressly allowed an amendment and a new plea had then been entered.

2. **Criminal Law—Sufficiency of Evidence—Review—Incomplete Record of Evidence—Imperfect Recital in Brief, Effect.**

Where defendant's brief on appeal stated that settled record contained all material evidence received on trial—a fact which the Supreme Court must always presume where specification of insufficiency of evidence is made—but the brief did not state that it contained all of such evidence, but it did appear therefrom that some evidence in settled record was not in the brief, held, under Supreme Court Rule 6 (140 N. W. viii), requiring brief to contain all material evidence received on trial, and Laws 1913, Ch. 172, requiring defendant's brief to contain all such evidence where he alleges insufficiency of evidence, that the judgment will not be reversed for insufficiency of evidence.

3. **Criminal Law—Instructions—Presumptions as to, Concerning Evidence.**

Where, in a criminal case, no complaint is made by defendant of the instructions of trial court, and they are not before the Supreme Court on appeal, it will be presumed that they submitted to jury all proper questions relating to unreasonableness of story told by complaining witness in a prosecution for rape, and in relation to any suspicious circumstances, if any were found, surrounding the case. So held, where such witness was entirely uncorroborated, and defendant contended that the prosecution was the result of a conspiracy between complaining witness, defendant's step-daughter, and her mother, and that witness did not disclose the wrong until after her mother had commenced suit for divorce against her husband, the defendant.

Appeal from Circuit Court, Lawrence County. Hon. JAMES McNENNY, Judge.

The defendant, Michael Carmel, was convicted of the crime of rape, and from a judgment of conviction, and from an order denying a new trial, he appeals. Affirmed.

*Francis J. Parker, Robert C. Hayes, and John T. Heffron,* for Appellant.

*C. C. Caldwell,* Attorney General, *Byron S. Payne,* Assistant Attorney General, and *A. E. Stirrett, State's* Attorney, for the State.

(1.) To point one of the opinion, Appellant cited: People v. Moody, (Cal.) 10 Pac. 392; State v. Clement, (Cal.) 35 Pac. 1022; Bohannan v. State (Okla.) 35 Pac. 1092; State v. Topham, (Utah) 123 Pac. 897; State v. Chance, (Kan.) 27 L. R. A. (N. S.) 1006; 22 Cyc. Law & Proc. pp. 436, 437; Bill of Rights, Sec. 7, Const. S. D.; Comm. v. Mahar, 16 Pick. 120; People v. Campbell, 4 Parkers Crim. Cases, 386; Byrne v. People, 37 Mich. 516; Code Cr. Proc., Sec. 280; Terrel v. State, (Ind.) 75 N. E. 884.

Respondent cited: Code Cr. Proc., Sec. 500, 230, 569, Conrad v. State, 65 Ark. 559, 47 S. W. 628; State v. Patterson, 116 Ind. 45, 10 N. E. 289; Trout v. State, 107 Ind. 578, 8 N. E. 618. Adkins v. State, 103 Ga. 5, 29 S. E. 432; State v. Reddington, 7 S. D. 368, 64 N. W. 107; Gaines v. U. S., 1 Ind. Ter. 296, 37 S. W. 98; State v. Brooks, 8 Iowa, 366, 52 N. W. 240; Joyce Upon Indictments, Sec. 325; 22 Cyc. 436; Code Cr. Proc., Sec. 225.

WHITING, J. Appellant, having been convicted of a felony, appealed from the judgment of conviction and from an order denying a new trial. But two matters are presented for our consideration: (1) The overruling of a motion in arrest of judgment; (2) the sufficiency of the evidence to sustain the verdict of guilty.

[1] Appellant was arrested and had a preliminary hearing upon a complaint charging him with having, on October 1, 1914, committed the offense of which he now stands convicted. He was bound over to the circuit court, where the state's attorney, in April, 1915, filed an information, charging appellant with the commission of such offense, but giving the date thereof as October 1, 1915. Immediately after a plea of not guilty was entered

by appellant his counsel called the attention of the state's attorney to this error in date, and the state's attorney, then and there, in the presence of and with the knowledge of defendant's counsel, changed the information so as to read "1914" instead of "1915." The trial then proceeded. In instructing the jury, the court read the information to the jury, reading it as corrected, and advised the jury that to this information a plea of "not guilty" had been entered. Defendant raised no question upon the information or the change therein until after verdict, when, in arrest of judgment, he urged: (1) That the court had no jurisdiction to pass judgment on defendant for the reason that no information as required by law was ever filed. (2) That the original and only information filed charged the crime to have been committed at an impossible date, a date subsequent to the filing thereof, and was therefore of no legal force or effect and did not invoke the jurisdiction of the court; that said original information did not state facts sufficient to constitute a public offense. (3) That after arraignment and plea the state's attorney had made the change in the original complaint without authority or permission from the court, and therefore his acts were without legal effect and did not give the court any information upon which issue could be joined, that no issue was joined, and that no trial as required by law was had. (4) That defendant pleaded to the original information, and that issue was joined as to the date therein set out; that after the information was changed, defendant was not arraigned or given a chance to plead to the amended information, and no issue was joined thereon, and there was nothing for the jury to try, and the verdict should be set aside and judgment herein arrested. There was absolutely no merit in appellant's motion. Rules of criminal procedure are enacted for the purpose of guaranteeing to every one charged with a crime that the proper procedure was followed in presenting the charge, that an opportunity shall be given to know with what he stands charged, and that there shall be a full and fair trial of such issues as he may raise. Such rules of procedure are not designed to facilitate escape, through mere technicalities, from the results of fair trials had upon charges preferred. No question is raised but that the trial court could have allowed the amendment. If it had allowed same and the case had proceeded to verdict without a new

plea, such failure to plead would not have been fatal. State v. Reddington, 7 S. D. 368, 64 N. W. 170. There being nothing to show the contrary, we would, if necessary to support the judgment, be bound to presume that the change was made with the full knowledge of the trial court. It is clear, from the court's reference to the charge in its instructions, that it considered the trial as being had on an information fixing the date of the offense in the year 1914. Appellant could not have been misled, as the complaint, upon which he was bound over to the circuit court, fixed the time as in the year 1914. He makes no claim that he was or could have been misled. Certainly under a statute that requires this court to "give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties" (section 500, C. Crim. Proc.), we should not reverse the judgment for the reasons urged, but, if necessary, should treat it as though the court had expressly allowed an amendment and a new plea had then been entered. The most that can be claimed by appellant is that the change was unauthorized, and that the case stands as though the information had not been changed. The information is drawn in the past tense. This makes it perfectly evident that the naming of the year 1915 was a clerical error. The appellant therefore entered a plea to an information that should be treated as though it designated the crime as having been committed in the past but without naming the year. In a case on all fours with this, and under statutes almost or quite identical in wording with ours, the court in Conrand v. State, 65 Ark. 559, 47 S. W. 628, said:

"The allegation as to the day on which the offense was committed is immaterial, and did not affect the sufficiency of the indictment. The statutes provide that the indictment must contain 'a statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended' (our section 221, C. Crim. Proce.); that it is sufficient if it can be understood therefrom: 'First, that it was found by a grand jury of a county impaneled in a court having authority to receive it, though the name of the court is not accurately stated; second, that the offense was committed within the jurisdiction of the court, and at some time prior to the time of finding the indictment; third, that the

act or omission, charged as the offense, is stated with such a degree of certainty as to enable the court to pronounce judgment, on conviction, according to the rights of the case' (our section 229, C. Crim. Proc.)—and further provide that 'no indictment is insufficient, nor can the trial judgment or other proceeding thereon be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits' (our sections 230, 500, C. Crim. Proc.). Sand. & H. Dig. sections 2090, 2075, 2076. According to these provisions of the statute, an allegation in the indictment as to the day upon which the offense charged was committed cannot affect it, if it can be understood therefrom by a person of common understanding that the grand jury intended to charge that the offense was committed 'at some time prior to the time of finding the indictment.' The only necessity for such allegations is to show that the offense was committed before the indictment, unless time is a material ingredient of the offense. Except as stated, it is not necessary to a conviction that the state prove that the offense was committed on the day alleged, but it is sufficient, as to time, to show that it was committed on any day before the indictment was found, and within the time prescribed by the statutes of limitations." People v. Dinsmore, 102 Cal. 381, 36 Pac. 661; Williams v. Com. (Ky.) 18 S. W. 1024.

[2] This court, under the record presented by appellant's brief, cannot reverse the judgment upon the ground of insufficiency of the evidence to support the verdict; there being nothing to show that we have all of the material evidence before us in the printed record. Gilfillan v. Schaller, 32 S. D. 638, 144 N. W. 133; Malloy v. C., M. & St. P. Ry. Co., 34 S. D. 330, 148 N. W. 598. Appellant's brief states that the settled record (settled by the trial court) contained "all the material evidence received upon the trial"—a fact which this court must always presume where there is a specification of insufficiency of evidence to support the verdict. Such brief does not state that there is set forth in such brief all the material evidence. Moreover, it does appear from such brief that there was some evidence in the settled record which is not set forth in such brief. Smith v. Pence, 33 S. D. 516, 146 N. W. 709. Rule 6 (140 N. W. viii) of the Rules of

the Supreme Court, ch. 172, Laws 1913. Chapter 172, supra, pro-
vides:

"Whenever the appellant shall seek to rely upon an assign-
ment, to the effect that the evidence was insufficient to support the
verdict, finding or other decision, he shall cause it to affirmatively
appear that his brief contains such a statement of all the material
evidence received upon the trial.

But, inasmuch as appellant might even yet seek to amend his
brief by stating therein that it does contain all the material evi-
dence, and, upon the brief as amended, to have the sufficiency of
the evidence considered, we feel that, owing to the enormity of
the offense and the punishment imposed, we are justified in con-
sidering the evidence that is now before us and in determining
whether such an amendment would avail appellant anything. Cer-
tainly, in view of the nature of the offense and the punishment in-
flicted, this court would be remiss in its duty if it did not suggest,
yes, even demand, that the brief be amended to show whether or
not such evidence was all the material evidence, if, after review-
ing the evidence now before us, we should be of the opinion that
it did not support the verdict. The defendant was the stepfather
of the complaining witness, a girl of tender years. Defendant was
charged with the crime of rape alleged to have been committed
upon the person of such child. He was convicted and sentenced
to serve a term of 20 years in the state's prison. The story of the
complaining witness was most revolting in its details, setting forth
many commissions of the offense charged, and that they had con-
tinued over a long period of time. The evidence of such witness
stood absolutely uncorroborated. While appellant concedes that,
under the established law of this state, a defendant, charged with
the crime of rape, may be convicted upon the uncorroborated testi-
mony of the injured female, yet he insists that such a conviction
should only be sustained when the story told by such witness is,
upon its face, reasonable, and, when the motives behind the prose-
cution are free of suspicion. We do not feel called upon to detail
the evidence before us. It certainly could serve no good purpose.
Appellant contends that the evidence, relating to the physical posi-
tion of the parties at the time some of the offenses were alleged to
have been committed, presents an unatural, if not an impossible,
situation for the consummation of the offense charged. While this

evidence does not present what would be the most usual or natural situation, the evidence, taken as a whole, does not reveal that the commission of the offense would have been impossible under the conditions testified to. The offense itself is so repugnant to the natural instincts of humanity that we do not think it should be deemed even a matter of suspicion for it to be claimed that the offense was committed in a manner or under a situation somewhat different from that ordinarily chosen by those following the instincts of reasonable beings and not of brutes.

It appears that the complaining witness never disclosed the wrong that had been done her until after the time when her mother had commenced an action for divorce against defendant. Appellant contends that this of itself is suspicious, and would have us infer that this charge against defendant was wrongfully preferred as a result of the family trouble which culminated in the divorce proceedings. The complaining witness gave a perfectly reasonable explanation of her reasons for not revealing her condition and the cause thereof until the time she did reveal same. Moreover, we are of the opinion that, if this prosecution had been malicious and without justification in fact—if, as seems to be claimed by appellant, this prosecution is the result of a conspiracy between this complaining witness and her mother—there would have been no lack of corroborative evidence before the trial court. Certainly any one who would conspire to bring a false charge, as serious as the one in this case, against any person would never hestitate to supply corroborative evidence when (as where the offense was of the nature charged in this action and where it was claimed, as here, that such offense had been repeated time and again in and about the home of complaining witness) it would be exceedingly easy to manufacture corroborative evidence sufficient to fully support the story told by the complaining witness.

[3] No complaint is made of the instructions given the jury. They are not before us, but we must presume that they submitted to the jury all proper questions relating to unreasonableness of the story told by the complaining witness, and in relation to any suspicious circumstances, if any were found, surrounding the case.

It would avail appellant nothing if his brief did set forth that it contained a statement of all the material evidence received upon

the trial. The judgment and order appealed from are therefore affirmed.