STATE, Respondent, v. HANRAHAN, Appellant.

(207 N. W. 224.)

(File No. 5866.   Opinion filed February 16, 1926.)

**1.  Criminal Law—Trial—Defendant Cannot Be Subjected to Unreasonable Restraint During Trial, but Court Has Discretion.**

No unreasonable restraint may be exercised over defendant during his trial, though reasonableness of restraint is question within discretion of trial court.

**2.  Crimnal Law—Trial—Manacling of Defendant While Going to and from Courtroom Held Justified.**

Evidence that defendant had attempted to escape before trial, threatened life of any one attempting to hinder him, and that he expected friends to aid his escape, held to justify manacling him while going to and from courtroom.

**3.  Criminal Law—Robbery—Evidence—Evidence as to Defendant's Identity Held to Sustain Conviction as Against Defense of Alibi.**

Evidence as to defendant's identity held to sustain conviction for robbery in first degree as against defense of alibi.

**4.  Criminal Law—Venue—Venue of Prosecution for Robbery in Carrying Off Automobile Held Established in Either of Two Counties.**

Where owner of automobile was compelled by defendant to drive them from his residence in B. county to a point in S. county where he was left while defendant drove car away, venue of prosecution for robbery in stealing the car was, in view of Rev. Code 1919, Secs. 4509, 4514, established in either county.

Appeal from Circuit Court, Beadle County; Hon. N. D. Burch, Judge.

John Hanrahan was convicted of robbery in the first degree, and he appeals.   Affirmed.

Gardner & Churchill, of Huron, for Appellant.

Buell F. Jones, Attorney General, (Bernard A. Brown, of Pierre, on the brief), for the State.

(1)   To point one of the opinion, Appellant cited:   State v. Williams (Wash.), 50 Pac. 580; State v. Kring, 64 Mo. 591; State v. Smith (Ore.), 8 Pac. 343.

Respondent citd:   Firestone v. Rice, 71 Mich. 377, 38 N. W. 885, 15 A. S. R. 266; South v. State (Neb.) 196 N. W. 684; State v. Temple (Mo.), 92 S. W. 496.

(3)   To point three, Respondent cited: State v. Laskus (Me.), 11 Atl. 180; State v. Cushenbery (Mo.), 56 S. W. 737; People v. Jackson (N. Y.), 74 N. E. 565.

(4)   To point four, Appellant cited: Sweat v. State (Ga), 17 SE 273; State v. McAllister (W. Vo.), 63 S. E. 758.

DILLON, J.   This a criminal action in which defendant is charged with robbery in the first degree in stealing and carrying off a Ford sedan belonging to one Kuni, a resident of Huron, S. D., by means of force and fear of immediate injury to the person of said Kuni.

The evidence shows that said Kuni, about 1 o'clock in the morning of September 1, 1923, returned to his home in the company of his wife and next-door neighbors in his Ford sedan; that Kuni let his wife and neighbors out of the car in front of the house, and then drove his car between the houses and into the garage; that he then went to the back door of his house, and before his wife opened the door he was accosted by two men; that the men were masked and both drew guns on said Kuni; that **with a great deal of** profanity, one of the men said, "I want you and your car;" that Kuni was forced into his car; that the assailants turned on the lights and started the engine; that the assailants then got into the back seat and ordered Kuni to back the car out into the street and ordered him to "drive south, and drive as if it was life and death;" that about four miles east of Woonsocket, S. D., in Sanborn county, said Kuni was ordered to stop the car; that all three got out, and Kuni's assailant's backed him up against a telegraph post, "put his arms backward around the post, tied his hands, took off his hat, kicked him, and crouched him down on the post; they struck him with some instrument that rendered him unconscious and raised a welt on his head, took his car, informed him that he would find it on the streets of Mitchell next morning, and left;" that the car has never been seen since. In his defense defendant pleaded an alibi. The jury returned a verdict of guilty, and the court entered a judgment sentencing defendant to serve a term of 15 years in the state penitentiary at Sioux Falls, S. D., at hard labor. It is from such judgment and an order denying a new trial that this appeal is taken.

Appellant has assigned 31 assignments of error.

[1, 2]   Assignments 29, 30, 31 allege error in that defendant

was taken from the jail to the court room, handcuffed to a guard, and kept in custody of two guards seated near him. The record shows that prior to the trial defendant had made an attempt to escape, had threatened the life of the sheriff or any one else who attempted to hinder him in making a getaway; that the wife of the sheriff made an affidavit to the effect that prior to the trial she had overheard the defendant say, in substance, that a number of his friends had arrived in Huron that day, and he expected them to come up and take him out of jail; that defendant mentioned these friends, individually, telling of their criminal records in various penitentiaries. The record further shows that in taking defendant to the courtroom in manacles, precaution was taken not to bring him in contact with the jury until the manacles had been removed, and that the guard who had custody of him sat at a distance of 10 or 15 feet from defendant. It is the universal rule that while no unreasonable restraint may be exercised over the defendant during his trial, yet it is within the discretion of the trial court to determine what is and what is not reasonable restraint. Donehy v. Commonwealth, 186 S. W. 161, 170 Ky. 474, 3 A. L. R. 1161; Firestone v. Rice, 38 N. W. 885   71 Mich. 377, 15 Am. St. Rep. 266; Edger v. Burke, 54 A. 986, 96 Md. 726; South v. State, 196 N. W. 684, 111 Neb. 383; State v. Temple, 92 S. W. 496, 194 Mo. 228; McPherson v. State, 99 N. E. 984, 178 Ind. 583. We think that there was sufficient showing in the record to prove that the persons who had custody of defendant were fully justified in manacling defendant while going to and from the courtroom.

[3] Assignments 28-31 allege the insufficiency of the evidence to sustain the verdict. Witnesses for the defendant testified that they had seen defendant at a fair in Rock Rapids, Iowa, on the 30th and 31st of August, 1923. Two other witnesses for defendant testified that defendant had driven them in a car from Sioux City, Iowa, to Rock Rapids, Iowa, on the 30th of August, and had then driven them back to Sioux City on the night of the 31st of August. On behalf of the state, said Kuni testified that when he was forced into his car it was still in the garage, and when his two assailants turned the lights on, the garage was so illuminated that he could see the men distinctly; that he was able to distinguish the features and figures of his two assailants by the lights

from the houses on either side of the driveway as he was backing the car out; that shortly after leaving Huron, the defendant lit a match in order that Kuni could measure the gas, and that he could "see him plain" by the light of the match; that he could see defendant plainly when defendant reached from the back seat to wipe the mist from the windshield. A cook and a waitress in a restaurant in Huron and the chief of police of Huron all testiged positively that defendant was in Huron the day previous to the robbery. The identification of defendant was a question of fact for the jury to determine under proper instructions from the court. 16 C. J. 924. The record fails to show that any objections were made to the instrucions as given, or that any instruction was requested on behalf of defendant.

[4] The second part of assignment 31 alleges the insufficiency of the evidence to prove that the robbery was committed in Beadle county. Section 4509, R. C. 1919, provides:

"When a public offense is committed partly in one county and partly in another county, or the acts or effects thereof, constituting or requisite to the offense, occur in two or more counties, the juridiction is in either county."

Section 4514, R. C. 1919, provides:

"When property taken in one county by burglary, robbery, larceny or embezzlement has been brought into another, the jurisdiction of the offense is in either of such counties wherein the prosecution is first commenced."

Under these two statutes, the venue of the case is clearly established in either Beadle or Sanborn county.

Remaining assignments having to do with the admissibility of evidence and the misconduct of the state's attorney have been carefully examined and found to be without merit.

Finding no reversible error, the judgment and order denying a new trial are affirmed.

Note.—Reported in 207 N. W. 224. See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 637, 16 C. J. Sec. 2075 (Anno.); (2) Criminal law, Key-No. 637, 16 C. J. Sec. 2075; (3) Criminal law, Key-No. 572, 16 C. J. Secs. 1584, 1588, Robbery, Key-No. 24(3), 34 Cyc. 1813; (4) Criminal law, Key-No. 112(1), 16 C. J. Sec. 288.

On right of prisoner to appear unmanacled at trial, see 39 L. R. A. 821.