PEOPLE v TAYLOR

1. CRIMINAL LAW—EVIDENCE—SUPPRESSION OF EVIDENCE—CONSCIOUS-
   NESS.

   Evidence that a defendant tried to suppress evidence is admissi-
   ble against him as an indication of his consciousness that his
   case is weak or unfounded.

2. WITNESSES—CRIMINAL LAW—RAPE—EVIDENCE—HEARSAY TESTI-
   MONY—DETAILS OF CRIME—RES GESTAE—TENDER YEARS.

   Witnesses may properly be allowed to testify that a prosecutrix in
   a rape case complained of the rape but they may not give
   hearsay testimony of the details of the crime unless the whole
   of the statement is strictly a part of the res gestae and there-
   fore admissible under the general rules of evidence, or unless
   the victim is of tender years.

3. CRIMINAL LAW—EVIDENCE—HEARSAY—TENDER YEARS EXCEPTION—
   DETAILS OF CRIME—RAPE—FATHERS—FORMATION OF RELUC-
   TANCE.

   A 13-year-old victim of rape was not removed from the protection·
   of the "tender years" exception to the rule barring hearsay
   evidence of the details of the rape where the defendant was the
   victim's father and the evidence indicated that he had been
   having intercourse with her for at least four years; the victim's
   reluctance to tell of these events had been fully formed during
   the period in which she was clearly of tender years.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 178.
[2, 3] 29 Am Jur 2d, Evidence § 493.
    65 Am Jur 2d, Rape § 76 *et seq.*
    Declarant's age as affecting admissibility of res gestae. 83 ALR2d
    1368.
    Admissibility of evidence of complaint or details of complaint by
    alleged victim of rape or other similar offense as affected by fact
    that she is not a witness or is incompetent to testify because of
    age or other reason. 157 ALR 1359.
[3] Time element as affecting admissibility of statements by victim of
    sex crime as res gestae. 19 ALR2d 579.
[4] 65 Am Jur 2d, Rape § 106.

4. Rape—Instructions to Jury—Date of Offense—Alibi Defense—
   On or About Instruction—Harmless Error.

   A charge to a jury that a defendant charged with statutory rape
of his 13-year-old daughter must be found to have had sexual
relations with his daughter "on or about" the date charged in
the complaint in order to be found guilty did not deprive the
defendant of his alibi defense for that date and any error was
harmless where the record reveals that it was extremely un-
likely that the jury misconceived the date of the offense to find
the defendant guilty of a combination of prior illicit acts to
which the complainant alluded during testimony.

Appeal from Genesee, Harry B. McAra, J. Sub-
mitted December 4, 1975, at Lansing. (Docket No.
21611.) Decided January 7, 1976.

George H. Taylor was convicted of statutory
rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Donald A. Kuebler,*
Chief, Appellate Division, for the people.

*Jobes & LeBost, P. C.* (by *Sheila Hughes),* for
defendant.

Before: R. B. Burns, P. J., and D. E. Holbrook
and D. F. Walsh, JJ.

R. B. Burns, P. J. Defendant was convicted by a
jury of statutory rape, MCLA 750.520; MSA
28.788. Complainant is defendant's daughter. She
testified that her father had been having sexual
intercourse with her on a regular basis for four
years, a period during which she was 9 to 13 years
of age. Defendant was charged with and convicted
of a specific incident of rape that occurred on
October 27, 1973, at which time his daughter was
13 years, 8 months.

Defendant first contends that testimony attempting to link him to a shooting incident on the night before trial was sufficiently prejudicial to require reversal of his conviction.

This testimony apparently derives from a statement made on cross-examination by prosecution witness Jane Smith, complainant's social worker, that defendant had threatened to kill her. Defense counsel proceeded to question Mrs. Smith further concerning the alleged threats directed at her by defendant. On redirect examination, the prosecutor expanded the testimony as to threats by eliciting a statement that the children of complainant's foster parents had been shot at on the preceding evening. Defense counsel objected to hearsay, and the jury was excused. After a lengthy discussion between the court, counsel, and the witness, the judge denied the defense's motion for mistrial and recalled the jury, specifically instructing it to disregard Mrs. Smith's statement about the shooting incident. The court then allowed the prosecution to recall complainant for the express purpose of clarifying by direct testimony any implication left from the hearsay statement of Mrs. Smith. She testified as to the incident and defense counsel indicated no objection to this testimony. In his charge to the jury the judge clearly indicated that the testimony as to threats was to be totally disregarded. Defense counsel subsequently indicated satisfaction with the charge.

This testimony concerning an alleged shooting incident was introduced in an attempt to show that defendant had tried to suppress evidence. Such evidence is admissible. *People v Hooper,* 50 Mich App 186, 199; 212 NW2d 786, 792 (1973). When it could not be shown that defendant was responsible for this incident, the trial judge gave a

curative instruction that the jury disregard the evidence. We do not find the defendant to have been sufficiently prejudiced in these circumstances to require reversal.

Defendant further asserts that it was error for the trial judge to allow witness Smith to give hearsay details over objection of the alleged rape.

The leading statement of the applicable law in this area is *People v Baker,* 251 Mich 322, 324–325; 232 NW 381, 382 (1930):

"It was an ancient rule of the common law that the fact of complaint by a victim of rape could be shown in corroboration of the prosecutrix but the details could not. * * * To the general rule there is, of course, the exception that the whole of a statement which is strictly a part of the res gestae is admissible under the general rules of evidence. Another exception to the rule excluding the details exists * * * in this State *(People v Gage,* 62 Mich 271 [28 NW 835; 4 Am St Rep 854]), where the victim is of tender years."

Defendant's brief dwells upon the age of the complainant and maintains that "the prosecutrix is not young enough for corroborating details of the alleged statutory rape to be introduced by Mrs. Smith's hearsay testimony". It has been held that 10 years old qualifies as "tender years", *People v Gage,* 62 Mich 271; 28 NW 835 (1886), as does 11 years, *People v Bernor,* 115 Mich 692; 74 NW 184 (1898). The complainant was 13 years old at the time of the charged offense and at the time that she told witness Smith the details of the crime. There are two compelling factual reasons, however, why her age at *these* times is of only secondary significance and should not remove her from the protection of the "tender years" hearsay exception: first, the defendant was her father; and sec-

ond, the testimony was that defendant had been having intercourse with her for at least four years.

The complainant testified that her father began having intercourse with her when she was "about eight", or "about eight or nine", and that by the time that she was ten it was "happening about every day" until she was placed in a foster home at twelve. She testified further that she never told anyone because her father said that "it wouldn't be right" to tell, and that she felt that "it was private" and thought that "he could get in trouble". In her words: "Because, you know, I mean he never told me it was really wrong, because he was my father and everything." She testified that she still loved her father, but that she didn't like him for what he had done.

It is the relationship between the defendant and the complainant that is critical:

"An assault made by the father of the victim and his admonition to her not to tell what had happened are as effective to promote delay as threats by a stranger would have been. A child would ordinarily have no sense of outrage at such acts by her own father, and complaining of them would not occur to her. Her telling of the affair would more naturally arise as the relation of an unusual occurrence and might be delayed until something arose to suggest it." *People v Baker, supra,* 326.

It must be appreciated that "[t]he admissibility of details of complaint, in the case of very young girls, [is being permitted] on a liberal extension of the res gestae doctrine". *People v Baker, supra.* Complainant told Mrs. Smith about the October 27 episode on November 18. It is apparent from the record that she would not have told at that time had not "something arose to suggest it", *i.e.,* had

not Mrs. Smith informed her that her younger sister had told her foster mother that defendant had molested her and that he had been molesting complainant.

It is transparently obvious that complainant's reluctance to tell of these events had been fully formed during the period in which she was clearly of "tender years" as envisioned in *Baker* and *Gage;* the time when these events began and became habitual. Thus, the assertion that this case must be controlled by the age of the complainant at the time of the offense (or trial) is untenable. The only post-*Baker* case on point cited by defendant on appeal, our per curiam opinion in *People v Lawson,* 34 Mich App 620; 192 NW2d 60 (1971), recites no facts and says nothing opposite to this conclusion. We hold that the hearsay testimony in this case corroborating the details of the alleged statutory rape is, on these facts, permissible under the extension of the res gestae doctrine as enunciated in *People v Baker, supra.*

Defendant next contends that allowing complainant to testify as to prior episodes of intercourse with defendant was, in itself, reversible error. We find this testimony (and the procedures employed by the trial court) to be admissible under and compatible with *People v DerMartzex,* 390 Mich 410; 213 NW2d 97 (1973).

Defendant's related assertion of the invalidity of a jury instruction is superficially attractive. The judge instructed the jury that in order to find defendant guilty they must find that he had sexual relations with his daughter "on or about" October 27, 1973. Defendant claims that this charge deprived him of his alibi for the date in question, and, in effect, enabled or encouraged the jury to find him guilty of a "combination" of the prior

illicit acts to which complainant alluded during testimony.

This assertion ignores the facts as testified to by defendant himself. By October of 1973 complainant had been in a foster home for an extended period of time. The record reveals that defendant had only seen her seven times during the entire year, the last previous occasion being two weeks earlier, October 13. We think it extremely unlikely that the jury misconceived October 13 (or any prior date) as "on or about" October 27 in order to convict defendant. Any error in this instruction is surely harmless under GCR 1963, 529.1. Further, the defendant did not timely object to this instruction at trial, GCR 1963, 516.2, and we find no miscarriage of justice mandating reversal.

For the same reasons we decline to consider defendant's assertion of error in allowing the sister's testimony as to the one time her father touched her.

We have thoroughly reviewed defendant's additional allegations of error and find them to be without merit. The conviction is affirmed.