STATE of South Dakota, Plaintiff and Respondent,

v.

Darrell MARTIN, Defendant and Appellant.

No. 12752.

Supreme Court of South Dakota.

Decided Jan. 16, 1980.

Kevin F. Manson, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Paul A. Mueller, Chamberlain, Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Dan L. Kelley of Baldwin, Gates & Kelley, Custer, for defendant and appellant.

PER CURIAM.

Darrell Martin was convicted of third-degree burglary. At the trial, Robert Spoonemore testified that he and Martin burglarized Elizabeth Snidow's ranch home on November 2, 1978. Spoonemore's wife Linda corroborated his testimony.

Martin argues that his conviction cannot stand because Linda Spoonemore's testimony did not sufficiently connect him to the commission of the burglary. SDCL 23-44-10. We do not agree.

Robert Spoonemore testified that he and Darrell Martin broke into Elizabeth Snidow's house and took various household items, including a rug and a wood burning cook stove. After leaving Mrs. Snidow's home, he and Martin unloaded the stove and rug at Spoonemore's house and took the remainder of the stolen goods to Martin's home.

Linda Spoonemore heard her husband and Martin discussing how to unload the stove. The next morning Spoonemore told her of the previous night's events and showed her the stove and rug behind their house.

Later that day, Linda Spoonemore visited Martin in his home. Martin asked that she bring him the stolen rug and told her "something to the effect that Bob and him had to be crazy to hit that place twice, the Snidow ranch."

We need not decide whether Linda Spoonemore's testimony alone would have been sufficient to sustain a conviction, for SDCL 23-44-10 (now SDCL 23A-22-8) does not require that corroborative evidence rise to that level of proof. *State v. Rauscher*, 267 N.W.2d 582 (S.D.1978). The statute requires only that the evidence substantially (1) affirm the truth of the testimony of the accomplice, and (2) establish the guilt of the defendant. *State v. Drapeau*, 45 S.D. 507, 189 N.W. 305 (1922). Linda Spoonemore's testimony meets these requirements.

Her testimony associates Martin with Robert Spoonemore at or about the time the crime was committed. *State v. Drapeau*, supra. She heard Martin and her husband immediately after the burglary when they were unloading the stolen property. This testimony was consistent with Spoonemore's chronology of the evening's events.

In addition, Linda Spoonemore's testimony indicates that Martin had possession of the stolen property shortly after the burglary. She heard Martin and her husband unload the stove. She saw the stove and rug behind her house. Martin asked her to bring the stolen rug to his home; she did so and later saw the rug several times in Martin's home. The testimony that the stolen property was in the joint possession of Martin and Spoonemore and in the sole possession of Martin shortly after the burglary links Martin with the crime and with the accomplice. *State v. Moellar*, 281 N.W.2d 271 (S.D.1979).

Linda Spoonemore's testimony is circumstantial, but circumstantial evidence can satisfy the requirements of corroboration and in this case does. *State v. Willers*, 75 S.D. 356, 64 N.W.2d 810 (1954).

Martin also argues that the prosecutor's opening statement was improper because it was in the form of a narrative and was not prefaced by the words, "the evidence will show."

We have reviewed the prosecutor's opening statement and have found no reversible error. The prosecutor prefaced and ended her statement by explaining to the jury that her remarks were an explanation of what the testimony would show, not evidence. While the opening statement

was in a narrative form, there is no indication of bad faith or misconduct reaching the level of prejudicial error. *State v. Kidd*, 286 N.W.2d 120 (S.D.1979); *People v. Asta*, 251 Cal.App.2d 64, 59 Cal.Rptr. 206 (1967).

The judgment is affirmed.

HENDERSON, J., deeming himself disqualified did not take part in this decision.