STATE of South Dakota, Plaintiff
and Appellee,

v.

Lyle E. NELSON, Defendant
and Appellant.

No. 13328.

Supreme Court of South Dakota.

Argued May 28, 1981.

Decided Oct. 7, 1981.

Jon R. Erickson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

William E. Coester, Milbank, for defendant and appellant.

DUNN, Justice (on reassignment).

Appellant, Lyle Nelson, appeals from a judgment entered pursuant to a jury verdict finding him guilty of grand theft. He was sentenced to the state penitentiary for seventeen years. We affirm.

Appellant argues that the evidence introduced at trial to corroborate the testimony of an accomplice was insufficient to satisfy SDCL 23A–22–8.[1] We do not agree.

Marcia Lord, appellant's accomplice, testified that she, Danny Grooms and appellant arrived at a farm house near Estelline, South Dakota on Saturday, March 17, 1979. Then they traveled to Bismarck-Mandan, North Dakota and took a trailer. They returned with the trailer to Estelline, South Dakota the following Monday, March 19, 1979.

Eunice Gorder testified that during the morning of March 17, 1979 she observed a black and white pickup pull a horse trailer onto her farm near Estelline, South Dakota. She identified the three passengers in the pickup as Danny Grooms; a male wearing western clothing, brown jacket and hat; and a female. Grooms and the other male passenger unhooked the trailer and left it on her premises. On March 19, 1979, Mrs. Gorder again observed the same pickup and the same three individuals drive onto her farm and unhook another horse trailer. After the second appearance, Mrs. Gorder called the sheriff. The sheriff immediately put out a radio alert based on Mrs. Gorder's description.

Blair Berjord testified that on the morning of March 19, 1979 he observed a pickup, which was pulling a trailer, stop at the Gorder farm. One of the passengers approached the Gorder residence, while a second passenger dressed in a brown coat and dark hat chopped something off of the trailer.

A short time after the pickup left the Gorder farm, Danny Grooms, Marcia Lord and appellant were apprehended by the Brookings City Police in front of the Holiday Inn in Brookings, South Dakota. Eva Williams, a waitress at the Holiday Inn, testified that she observed appellant, who was dressed in a black cowboy hat and tan jacket, remove from his pocket a metal plate and sticker and toss it away as he entered the patrol car after his arrest. This plate and sticker were identified as the metal identification tag and corresponding sticker belonging on the stolen trailer.

The testimony of an accomplice need not be corroborated by evidence sufficient to sustain a conviction. *State v. Martin*, 287 N.W.2d 102 (S.D.1980); *State v. Moellar*, 281 N.W.2d 271 (S.D.1979); *State v. Willers*, 75 S.D. 356, 64 N.W.2d 810 (1954). But, the corroborating evidence must tend to: (1) affirm the truth of the testimony of the accomplice; and (2) establish the guilt of the defendant. *State v. Martin, supra; State v. Moellar, supra.* The testimony of the State's corroborating witnesses meets these requirements.

Eunice Gorder's testimony associates appellant with Danny Grooms and Marcia Lord at or about the time the crime was committed. *State v. Martin, supra; State v. Drapeau*, 45 S.D. 507, 189 N.W. 305 (1922). The testimony of Mrs. Gorder and Blair Berjord that appellant had possession of the stolen trailer shortly after the theft links appellant with the crime and with the accomplices. *State v. Martin, supra; State v. Moellar, supra; State v. Vierck*, 23 S.D. 166, 120 N.W. 1098 (1909). Evidence that a person fitting the description of appellant was seen unhooking the stolen trailer and that appellant removed the metal plate and

1. SDCL 23A–22–8 provides:

A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence which tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof.

sticker from the trailer allows an inference of possession of the stolen property. Furthermore, a close association between the defendant and an accomplice in the area where the crime was committed may sufficiently connect the defendant with the commission of the crime to furnish the necessary corroboration of an accomplice's testimony. *State v. Moellar, supra; State v. Drapeau, supra.*

■ The testimony of the State's witnesses is circumstantial, but circumstantial evidence can satisfy the requirements of corroboration. *State v. Martin, supra; State v. Willers,* 75 S.D. 356, 64 N.W.2d 810 (1954).

■ We hold there was sufficient corroborating evidence presented by the prosecution pursuant to SDCL 23A–22–8 which tended to connect appellant with the commission of the offense.

Appellant contends that the trial court's "on or about" jury instruction deprived him of his alibi defense. The instruction read:

The Information charges that the offense was committed 'on or about' a certain date and time. The proof need not establish with certainty the exact date or time of the offense alleged. It is sufficient if the evidence establishes beyond a reasonable doubt that the offense was committed on a date or time reasonably near the date or time alleged in the Information.

■ This court has recognized that the precise time when an offense was committed need not be stated in the indictment, unless time is of the essence of the crime. *State v. McDonald,* 16 S.D. 78, 91 N.W. 447 (1902); SDCL 23–32–17. "Except where time is of the essence, it is not error to give an instruction that submits the happening of the offense at anytime within the limitation period." *State v. Siems,* 535 S.W.2d 261, 266 (Mo.App.1976). The fact that an alibi defense is interposed does not, *ipso*

facto, make the "on or about" instruction erroneous. *State v. Danley,* 9 Wash.App. 354, 513 P.2d 96 (1973). *See also State v. Verdugo,* 109 Ariz. 391, 510 P.2d 37 (1973); *People v. Taylor,* 66 Mich.App. 456, 239 N.W.2d 627 (1976); *State v. Siems, supra; State v. Correia,* 106 R.I. 655, 262 A.2d 619 (1970). Rather, this court must examine whether or not the jury is misled by the instruction into improperly rejecting the alibi. *State v. Danley, supra.*

In this case, appellant was charged by information with stealing a horse trailer in Morton County, North Dakota on or about March 17, 1979 and with bringing the trailer into Deuel County, South Dakota on or about March 19, 1979. At trial, Marcia Lord testified during direct examination by the prosecutor that the trailer was taken on March 17, 1979 from Bismarck-Mandan, North Dakota, and was brought into Deuel County, South Dakota on March 19, 1979. Later in the trial, when reexamined as a witness for the defense, Lord testified that she was unsure of the date on which the trailer was stolen and that it might have been stolen on Sunday, March 18, 1979. Lord also testified that she, Danny Grooms and appellant spent an evening in Miller, South Dakota during the weekend in question. Appellant produced alibi evidence that on March 17, 1979 he, Danny Grooms and Lord were in Miller, South Dakota.[2]

■ This crime could have occurred on either the 17th or 18th of March, 1979, as the property was taken from a closed trailer lot and not missed for a couple of days. The indictment read "on or about" the 17th. Appellant had an alibi for the 17th. The jury instruction explaining the phrase "on or about" was not prejudicial to appellant in view of the fact that he needed an alibi for the 17th and 18th to be effective. "Alibi evidence must show that the accused could not have committed the alleged crime, because at the time of its commission he was at a place other than where such of-

2. Appellant did not serve upon the prosecuting attorney a written notice of his intention to offer the defense of alibi in compliance with SDCL 23A–9–1. However, the State did not object at trial or on appeal to the introduction of the alibi defense evidence, and this issue is therefore not before us on appeal.

fense was committed." *State v. Reiman,* 284 N.W.2d 860, 871 (S.D.1979). Accordingly, appellant's alibi to be successful must cover the entire time when his presence was required for accomplishment of the crime. *People v. Todaro,* 14 Ill.2d 594, 153 N.E.2d 563 (1958); 21 Am.Jur.2d *Criminal Law* § 192 (1981). "[A] purported alibi that leaves it possible for the accused to be the guilty person is no alibi at all." 21 Am. Jur.2d *Criminal Law* § 192 (1981) (citation omitted).

■ Giving full credence to the alibi, the jury could find appellant guilty in view of the accomplice's testimony that she was an eyewitness to the theft and accompanied appellant to Miller, and later to Estelline, in accordance with ample corroborating testimony. The conflict in her testimony regarding the exact date the trailer was stolen was resolved by the jury in their finding of guilt in view of the overwhelming evidence that appellant stole the trailer and transported it into South Dakota.

It is our conclusion that under the circumstances of this case the "on or about" instruction did not mislead the jury into improperly rejecting appellant's alibi defense.

■ Appellant contends that the court's Instruction No. 20 [3] unconstitutionally shifted the burden of proof to appellant to explain his possession of allegedly stolen property. A similar objection to this instruction was made in *State v. Rober,* 86 S.D. 442, 447, 197 N.W.2d 707, 710 (1972), wherein we stated:

> The instruction does not compel the testimony of the defendant—it simply states a rule relating to circumstantial evidence from which the jury has a right to infer

guilt; the inference of guilt does not arise from the defendant's failure to explain, but from the fact of possession of recently stolen goods. There is no duty to explain the possession of such goods. The accused may explain his possession at the appropriate time, but he is not required to do so. Even if he does come forward with an explanation, the jury is not required to believe it. *State v. Young* [1968, Fla., 217 So.2d 567] supra. We find nothing in the instruction repugnant to the defendant's constitutional or statutory rights.

We follow this interpretation of the law.

■ Appellant contends that the trial court abused its discretion in overruling his objection to the jury panel on the ground that appellant was brought into the courtroom in handcuffs. This court has recognized that a sheriff or other police officer has the right to handcuff a prisoner in his custody to secure his safe conduct and to guard against an escape while bringing him to or from a courtroom. *State v. Williams,* 84 S.D. 547, 173 N.W.2d 889 (1970); *State v. Hanrahan,* 49 S.D. 434, 207 N.W. 224 (1926). Appellant did not offer testimony that he was observed by prospective jurors while handcuffed. *State v. Williams, supra.* We hold that the trial court did not abuse its discretion in overruling the objection.

We affirm the judgment of the trial court.

WOLLMAN, C. J., and MORGAN and HENDERSON, JJ., concur.

FOSHEIM, J., dissents.

FOSHEIM, Justice (dissenting).

Giving Instruction 17 was prejudicial error. The information charged the defend-

---

3. Instruction No. 20 reads:

   If from the evidence you are convinced beyond a reasonable doubt that the personal property in question was stolen, and that soon after its theft the defendant was in possession of it, such is a circumstance which you may take into consideration with all the other evidence in arriving at your verdict, and *unless such possession is satisfactorily explained* by the facts and circumstances brought out upon the trial, it is sufficient upon which to base a

conviction, provided that upon the whole case and all of the evidence you are satisfied beyond a reasonable doubt of the defendant's guilt. But if you believe that the recent possession by the defendant of the property, under the circumstances shown, is consistent with his innocence, it would be your duty to acquit him, unless you find beyond a reasonable doubt from other evidence in the case that the defendant is guilty. (Emphasis added.)

ant with stealing a horse trailer in North Dakota on or about March 17, 1979, and bringing it into South Dakota on or about March 19, 1979. · The State's case in chief showed March 17, 1979 as the date of theft. This was the record confronting the defendant when he presented his defense.

The defendant then produced substantial evidence that on March 17, 1979, he was in' Miller, South Dakota.

Instruction 17 read:

> The Information charges that the offense was committed 'on or about' a certain· date and time. The proof need not establish with certainty the exact date or time of the offense alleged. It is sufficient if the evidence establishes beyond a reasonable doubt that the offense was committed on a date or time reasonably near the date or time alleged in the information.

The majority opinion is correct that "[w]here time is not of the essence or gist of the offense, the precise time at which the offense is charged to' have been committed is not material." 41 Am.Jur.2d, *Indictments and Informations,* § 115 (1968); *State v. McDonald,* 16 S.D. 78, 91 N.W. 447 (1902); SDCL 23–32–17.[1] The indictment or information is sufficient if it can be understood therefrom that the offense was committed prior to the time of its filing, and within the time prescribed by the statutes of limitation. *State v. Carmel,* 36 S.D. 293, 154 N.W. 808 (1915); SDCL 23–32–12(5).[2] The words "on or about" are surplusage. *McDonald,* supra; 41 Am.Jur.2d,

*Indictments and Informations,* § 119. But surplusage will not vitiate an indictment or information which, without regard to the surplusage, certainly and definitely alleges matter, sufficient to charge the offense.[3] *See McDonald,* supra. Since an "on or about" allegation makes no difference in the proof required, it cannot prejudice the accused. 41 Am.Jur.2d, *Indictments and Informations,* § 119.

To this point I have no disagreement with the majority opinion. The issue, however, involves an instruction—not the allegation.

It was necessary for the State to establish the ·presence of the accused at the scene of the crime. "Alibi evidence must show that the accused could not have committed the alleged crime, because at the time of its commission he was at a place other than where such offense was committed." *State v. Reiman,* 284 N.W.2d 860, 871 (S.D.1979). Corroborated alibi evidence met that test, after which the accomplice expressed uncertainty about, and hedged on, the March 17 date. She then indicated the theft could have occurred at a different time.

That testimony was followed by Instruction 17 which is South Dakota Pattern Jury Instruction 1–11–5. The comments to that instruction read in pertinent part:

> Nor should this instruction be given when defendant has presented evidence of an alibi and the time alleged in the information does not exactly correspond to the time of commission of the offense as shown by the State's evidence.

---

1. At the time the information was filed SDCL 23–32–17 read:

   The precise time at which the offense was committed need not be stated in the indictment or information, but it may be alleged to have been committed at any time before the filing thereof, except when the time is a material ingredient of the offense.
   Repealed by SL 1978, ch. 178, § 577; replaced, effective July 1, 1979, by SL 1978, ch. 178, § 71 (SDCL 23A–6–9).

2. At the time the information was filed SDCL 23–32–12(5) read:

   The indictment or information is sufficient if it can be understood therefrom:
   . . . .

(5) That the offense was committed prior to the time of filing the indictment or information[.]
Repealed by SL 1978, ch. 178, § 577; replaced, effective July 1, 1979, by SL 1978, ch. 178, § 67 (SDCL 23A–6–7).

3. *Accord State v. Furney,* 41 Kan. 115, 21 P. 213 (1889); *Adams Express Co. v. Commonwealth,* 124 Ky. 160, 92 S.W. 932 (1906), revd. on another point 206 U.S. 138, 27 S.Ct. 608, 51 L.Ed. 992 (1907); *Tingue v. State,* 90 Ohio St. 368, 108 N.E. 222 (1914); *State v. Franks,* 21 Okl.Cr. 213, 206 P. 258 (1922); *State v. Moore,* 36 Utah 521, 105 P. 293 (1909); *Patrick v. State,* 17 Wyo. 260, 98 P. 588 (1908).

This instruction is the progeny of what is now California Jury Instruction Criminal (4th ed.) No. 4.71. The comment to CALJIC No. 4.71 states that the instruction is inappropriate when the defendant has presented alibi evidence for the time the people's evidence fixed the commission of the crime.

In *People v. Jones*, 9 Cal.3d 546, 108 Cal. Rptr. 345, 510 P.2d 705 (1973), a police officer testified that the final purchase of marijuana from the defendant was made on March 24, 1970. The defendant offered alibi evidence that he had been in Texas on that date. There was no time discrepancy between allegation and proof. The Supreme Court of California nevertheless held it was error under such circumstances to give the "on or about" CALJIC No. 4.71 because the March 24 date was crucial to the alibi defense.

It follows that when an alibi defense is interposed, what was surplusage in the allegation is no longer irrelevant and time may be of "decisive importance." *State v. Clark*, 509 S.W.2d 740 (Mo.App.1974). That importance is indicated by our alibi notice statute, SDCL 23A–9–1.[4] Contrary to the indications in footnote 2 of the majority opinion, the fact that SDCL 23A–9–1 was not utilized, did not affect the defendant's right to present an alibi defense. This statute is a discovery tool for use at the option of the State. While its procedures are prosecution initiated, it also operates to provide the defendant with the specific time, date and place claimed by the prosecution. See Fed.Rules Cr.Proc. rule 12.1, 18 U.S.C.A., Historical Note and Notes of Advisory Committee on Rules.

When the defendant is committed to an alibi time and place, unfairness occurs if the time frame is then shifted or expanded in the minds of the jury. The defendant is trapped and an "on or about" instruction in effect nullifies his alibi defense. *State v. Siems*, 535 S.W.2d 261 (Mo.App.1976); *State v. Bowles*, 360 S.W.2d 706 (Mo.1962); *State v. Chittim*, 261 S.W.2d 79 (Mo.1953).

The situation is comparable to a game of cards with deuces wild. After it is discovered one player holds all the deuces, the rules are changed to make one eyed jacks and aces also wild. I would accordingly reverse.

---

4. SDCL 23A–9–1 (Rule 12.1(a)) reads:

Within the time specified in § 23A–8–4 for pretrial motions, upon written demand of the prosecuting attorney stating the time, date, and place at which the alleged offense was committed, a defendant shall serve within ten days, or at such different time as the court may direct, upon the prosecuting attorney a written notice of his intention to offer a defense of alibi. The notice shall state the specific place or places where the defendant claims he was at the time of the alleged offense and the names and addresses of the witnesses upon whom he intends to rely to establish such alibi.