## STATE v. WALSH.

A challenge to jurors, subpoenaed as talesmen for bias and prejudice of the sheriff who summoned them, was properly denied, where such jurors were subpoenaed several days prior to the trial, and the sheriff testified positively that he had no prejudice against defendant.

Civ. Code, § 57, provides that the person solemnizing a marriage must furnish to either party a certificate thereof. Section 55 requires such person to enter the date of the marriage in a book to be kept by him, and to make a return to the circuit court clerk to be recorded, which record or a certified copy thereof is sufficient to prove the marriage. **Held,** that the record or certified copy thereof is not the only evidence to prove a marriage, but that the original certificate itself is also evidence thereof, and there was no error in admitting such a certificate, with accompanying proof of a witness to the certificate, and also to the marriage and of cohabitation of the parties.

On an adultery trial, the court charged that one of the matters to be considered was whether defendant was married; that the state had offered evidence of a ceremony and cohabitation with another woman, and that if the jury believed from all the evidence, either offered by the state or defendant, or from any or all of the testimony, beyond a reasonable doubt, that defendant was married then that element of the offense was established. **Held,** that the use of the phrase from "any or all of the testimony" did not render the instruction erroneous when taken as a whole.

Though it is necessary that an accomplice be corroborated, yet the degree of evidence sufficient to corroborate is for the jury.

An accomplice is sufficiently corroborated where there is some other evidence fairly tending to connect defendant with the commission of the crime.

Evidence, on a trial for adultery, in corroboration of the other party to the offense held sufficient to support a conviction.

(Opinion filed, Feb. 16, 1910.)

Appeal from Circuit Court, Deuel County. Hon GEORGE H. MARQUIS, Judge. ·

Fred J. Walsh was convicted of adultery, and he appeals. Affirmed.

*Hall, Roddle & Purdy. M. S. Liebenstein,* and *Olaf Eidem,* for appellant. *S. W. Clark, Atty. Gen., Cloyd D. Sterling, Asst. Atty. Gen.,* and *C. A. Mead, State's Atty.,* for the State.

CORSON, J.. Upon an information duly filed by the state's attorney of Deuel county the. defendant was convicted of the crime of adultery, and from the judgment of conviction and order denying a new trial he has appealed to this court.

There are three questions discussed by the appellant's counsel in their brief; (1) That the court erred in overruling the defendant's challenge to the panel of jurors from which the jury was selected to try the defendant; (2) that the court erred in admitting in evidence the original certificate of marriage of the defendant to one Anna Thorwaldsen, accompanied by proof of witnesses present at the marriage, and proof of cohabitation and recognition by the defendant of said Anna as his wife; (3) that there was not sufficient evidence of corroboration as to the offense committed to the testimony of Josephine Hattlestad, an accomplice, as required by the statute.

On the trial it appeared from the evidence that, there being but 24 jurors remaining in the jury box, on June 15th, a special venire of 4 jurors was ordered by the court. On the 19th of June another special venire for 6 jurors was ordered. The case came on for trial on the 29th day of June, 1908. On the day the case was called for trial a challenge was interposed to the panel of the jurors, especially to the special venire of four jurors called and returned June 15th, and to the special venire of six jurors summoned June 19, 1908, for the reason of the bias and prejudice

of the officer who subpoenaed said jurors, to wit, the sheriff of said Deuel county, John Lawson. The sheriff, and a number of witnesses were examined at considerable length, and at the conclusion of this examination the court denied the challenge. We are of the opinion, after a careful examination of the evidence, that the court was clearly right in denying the challenge. It will be observed that the 10 jurors who had been summoned as talesmen by the sheriff had all been summoned several days prior to the commencement of the trial of the defendant. The sheriff testified positively that he had no prejudice against the defendant. In view of the fact that this court so fully considered the question of the challenge to the panel of jurors on the ground of prejudice of the sheriff who summoned them, in the case of State v. Hayes, 122 N. W. 652, in which the question presented were very similar to the question presented and discussed in the case at bar, we do not deem a further discussion necessary in this case.

On the trial the state, for the purpose of proving the marriage, introduced in evidence the original marriage certificate showing the marriage of the defendant to Anna Thorwaldsen in November, 1903. The execution of the certificate by the minister who performed the marriage ceremony was duly proven by one of the witnesses who signed the certificate, and that the marriage ceremony, at the time stated, was also proven by him and other witnesses who were present at the time of the marriage, and proof was also introduced showing that the defendant and said Anna had lived and cohabited together as husband and wife since the date of said marriage. It is contended by counsel for the appellant that the marriage could only be properly proven by introducing the record of the marriage or a certified copy thereof, as the alleged marriage took place within the jurisdiction of the court. But in this contention the counsel are clearly in error, as the evidence of the fact of the marriage was proven by the original certificate itself, and its execution proven by the witness or witnesses thereto. Section 57 of the Civil Code provides: "The person solemnizing a marriage must furnish to either party, on request, a certificate thereof, signed by him, specifying: (1)

The names and places of residence of the parties married," and other facts therein specified. While it is provided by section 55: "The person solemnizing a marriage must enter the facts ascertained by him, pursuant to the last section, and the date of the solemnization, in a book to be kept by him for that purpose, and make return of such marriage to the clerk of the circuit court within thirty days"—which statement is to be recorded by the clerk, and which record or a certified copy thereof may be sufficient to prove marriage, it is quite clear that the original certificate itself is also evidence to prove the marriage, and that the record or certified copy thereof does not constitute the only evidence to prove such marriage. 1 Cyc. 964; State v. Isenhart, 32 Or. 170, 52 Pac. 569; State v. Brink, 68 Vt. 659, 35 Atl. 492; State v. Brecht, 41 Minn. 50, 42 N. W. 602; People v. Stokes, 71 Cal. 263, 12 Pac. 71.

In 1 Cyc. supra, under the head of adultery, the rule is thus stated: "The most usual and direct proof of marriage is furnished by the production of a marriage certificate, or a certified copy of the record." In State v. Isenhart, supra, the Supreme Court of Oregon, on the trial of a criminal case, where the defendant was charged with the crime of adultery, in speaking of the original certificate of marriage, says: "It is next objected that the marriage certificate was not admissible to establish the fact of marriage. The certificate is in every particular such a one as the statute prescribes shall be given by the person solemnizing the marriage to each of the parties, if they should require it. Hill's Ann. Laws, § 2857. And while it is not by direct act constituted evidence of the fact, yet we think, when taken in connection with direct proof fixing the identity of the parties, and tending to show that a marriage had been solemnized by a person competent to officiate, and given at the marriage, that it is, when properly identified, admissible as part of the res gestae. I Bishop on Marriage, Divorce, and Separation, § 1006; Bradner on Evidence, 260; State v. Abbey, 29 Vt. 60. In People v. Stokes, supra, a case in which the defendant was charged with committing the crime of adultery, a witness was introduced

to prove the marriage ceremony, and the Supreme Court of California said· "[He] testified that in the year 1859 he was present in the 'Persian schoolhouse,' when a marriage was celebrated by a Methodist preacher named Lockley, between the defendant and Rachael Gibson. This of itself was evidence of the defendant's marriage; the statute does not exclude all evidence of marriage other than the record of the certificate." It may be observed that the law of California in reference to marriage certificates and recording the same is practically the same as the law of this state. It is quite clear, therefore, that the court committed no error in admitting this certificate in evidence, with the accompanying proof of a witness to the certificate, and also to the marriage and proof of cohabitation of the parties claimed to have been married.

It is also contended that the court erred in its instruction to the jury "that, if they believed beyond a reasonable doubt from any or all of the testimony introduced at the trial that the defendant was a married man, then that element of the offense was established." The objection seems to be to the words "any or all of the testimony," but the instruction upon this subject, taken as a whole, seems to be entirely correct. The instruction upon this subject reads as follows: "One of the matters for you to consider would be whether or not this defendant was a married man on March 13, 1907; it being the theory of the state that he was a married man, and that the girl, Josephine Hattlestad, was not. The state having offered evidence here in relation to a ceremony that was performed, and as to the fact that this defendant was the person known as Anna Walsh have resided together, and if you believe from all of this evidence, either testimony offered on the part of the state or testimony that may be given by witnesses on the part of the defendant, or from any or all of this testimony you believe and are satisfied beyond reasonable doubt that this defendant was a married man, married to this Anna Walsh at the time it is claimed that this adultery occurred, then that element of the offense is established, and as far as that question is concerned, you need give it no more consideration." We are of the opinion that the court committed no error, therefore, in giving

the instruction to the jury complained of, taken in connection with the balance of its instruction upon that subject.

This brings us to the last contention of counsel that there was not sufficient corroborating proof to justify the jury in finding the defendant guilty. The alleged accomplice testified positively that she had sexual intercourse with the defendant on the 13th of March, 1907, and that the birth of a child was a result of such intercourse. While it is necessary that the evidence of an accomplice be corroborated, yet the degree of evidence which shall be deemed sufficient to corroborate the testimony of an accomplice is for the determination of the jury. The law is complied with if there is some other evidence fairly tending to connect the defendant with the commission of the crime, so that his conviction will not rest entirely upon the evidence of the accomplice. 3 Rice on Evidence, p. 511. The learned author cites a large number of authorities in support of the text, among which is the case of People v. Everhardt, 104 N. Y. 591, 11 N. E. 62, in which the Court of Appeals of New York held, as appears by the headnote, that: "The provision of the Code of Criminal Procedure (section 399), requiring corroboration of the testimony of an accomplice is complied with if there is some other evidence fairly tending to connect the defendant with the commission of the crime charged, so that the conviction will not rest entirely upon the evidence of the accomplice. The question as to whether the evidence is sufficient corroboration is for the determination of a jury." We are of the opinion that the evidence in this case fairly tended to connect the defendant with the commission of the crime. It was proven on the trial that on the 6th day of December, 1907, a child was born to the said accomplice.

Sam Hattlestad, a witness on the part of the state, testified that he had a conversation with the defendant during the time that the mother of the child was ill, and he was asked the following question: "Q. You may state whether or not in the conversation he stated anything about being the father of the child. A. He did. Q. What did he say? He said that he could not deny but what he was the father of the child." The witness

then stated that he had further conversation with the defendant, and "every time I talked with him he said he could not deny but what he was the father of the child." It also appears from the evidence that two of the state's witnesses were induced by the defendant to leave that section of country and go to Pierre that they might be out of the jurisdiction of the court at the time of trial, and that one of them was paid $30 to enable him to make the trip. There was also evidence that the defendant made propositions of settlement, and to pay the doctor's bill. It is clear that the evidence, therefore, to corroborate the statements of the principal witness or accomplice was amply sufficient to justify the jury in finding the defendant guilty of the crime charged in the information.

It is further contended by the appellant that the evidence was insufficient to prove that the offense was committed on the 13th day of March, 1907, but the jury were fully instructed by the court that the state had elected to rely upon the alleged act of March 13th, and that it was necessary for the state to prove the identical offense upon which it had elected to rely for a conviction. It must be presumed, therefore, by the verdict of the jury that they found the offense committed at the time specified, namely, the 13th day of March, 1907.

We have not deemed it necessary to set out the evidence in full, as no useful purpose would be served by its reproduction in this opinion. It must suffice to say, therefore, that in our opinion, the verdict of the jury is fully sustained by the evidence

Finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.

WHITING, J., taking no part in this decision.