STATE, Respondent, v. ODLE, Appellant.

(189 N. W. 515.)

(File No. 4995. Opinion filed August 5, 1922.)

1. **Criminal Law—Larceny—Testimony of Accomplice, Corroboration Necessary—Statute Construed.**

   Under Sec. 4882, Code 1919, prohibiting convictions upon testimony of an accomplice unless he be corroborated "by such other testimony as tends to connect the defendant with the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof," it is not required that evidence aside from accomplice's testimony must be sufficient alone to warrant conviction, nor does it require direct evidence; circumstances alone may sufficiently corroborate, but corroborating evidence must more than merely show commission of offense.

2. **Same—Larceny of Horses, Actual Stealing by Third Parties, Defendant's Previous View of Stolen Horses, His Presence, Under Other Employment, Effect as Non-corroborative.**

   In a prosecution for larceny of horses, the fact that defendant was with two other parties, who by their own confession actually stole them, and saw them, and stated to the thieves that they could be easily stolen—if unexplained, would be a circumstance that might tend to connect defendant with the larceny; but it being proven that he was there at request of and employment of one R in searching for the latter's horses and was performing said duty, held, that the circumstance first mentioned is as consistent with innocence as with guilt, and did not corroborate accomplice's testimony that the theft was pursuant to a previous conspiracy therefor between them and defendant.

3. **Same—Testimony of Accomplices After Pleading Guilty and Before Sentence—Statutory Design to Discountenance Such Corroboration.**

The fact, that while two self-confessed horse thieves had plead guilty some time prior to defendant's trial but that neither had yet been sentenced, gives rise to grave danger that they were casting responsibility for the theft upon the defendant in order to lessen the severity of their own punishment rather than because they believed the testimony to be true; and, one of them having been guilty of other delinquencies showing moral dereliction and entitling his testimony to but little if any credibility; held, it was to prevent convictions upon such testimony that Sec. 4882, Code 1919, was enacted; and a conviction on such testimony cannot stand.

Appeal from Circuit Court, Hand County. Hon. JOHN F. HUGHES, Judge.

The defendant, George Sanford Odle, was convicted of the crime of larceny of horses, and he appeals. Reversed.

*Harlan J. Bushfield*, for Appellant.

*Byron S. Payne*, Attorney General, and *John Pusey*, State's Attorney, for Respondent.

POLLEY, J. Appellant was convicted in Hand county of the larceny of three horses belonging to one Nels Johnson. He moved for a new trial on the ground, among others, that his conviction was based on the uncorroborated testimony of an accomplice. The motion was denied and he appeals to this court.

It is not cliamed that appellant personally took part in the larceny of the horses. The actual stealing was done by two parties by the names of 'Anderson and Arnold, in whose possession the horses were found soon after the theft. These parties, when charged with the theft, admitted their guilt, but claimed that the stealing was done pursuant to a plan and an agreement entered into between themselves and appellant whereby they were to steal and dispose of the horses and devide the proceeds with appellant. Anderson and Arnold were the principal witnesses against appellant at the trial, and it was upon their testimony principally, if not wholly, that the conviction is based.

Section 4882, Code 1919, provides that:

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant * * * with the offense, and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof."

[1]. This does not mean that the evidence aside from the testimony of the accomplice must be sufficient alone to warrant a conviction; neither does it require direct evidence. Circumstances alone may amount to a sufficient corroboration, but in either case the corroborating evidence must do more than merely show the commission of the offense. In this case appellant had been staying in the city of Miller for some time prior to the commission of the offense. Anderson and Arnold were also staying in Miller, and were acquainted with appellant. They had frequently met and talked with appellant, but there was nothing about their meetings that was at all unusual or that appeared to be more than casual.

A day or two prior to the larceny, appellant, at the request of one Runger, had gone out into the country to Runger's ranch, some considerable distance from Miller, for the purpose of assisting one Hilliard, who was in charge of said ranch, in rounding up certain of Runger's horses that had escaped from his pasture. Late in the evening of appellant's arrival at Runger's place Anderson and Arnold arrived there and asked permission to remain over night. They pretended that they were out looking for stray horses belonging to another party, and on the following morning they went with appellant and Hilliard to look for stray horses. About the middle of the day they were in the vicinity of the said Nels Johnson's place and stopped and had lunch with Johnson. After lunch they continued the search. While in that vicinity they rode along Johnson's pasture and looked at his horses, and while doing so appellant remarked, in substance, that Johnson had some good horses, but that he was not very well acquainted with his horses, and that a person could steal some of them, and drive them away, and if Johnson were to meet them in the road he would not recognize his own horses. No further attention appears to have been given these horses, and said parties continued their search, until toward evening, when they separated, appellant and Hilliard returning to Runger's ranch while Anderson and Arnold proceeded by themselves. Later in the evening they returned to Johnson's pasture, where, after taking down the fence, they took out the three horses in question and drove them to Miller, where they arrived between 3 and 4 o'clock in the following morning. At the trial Anderson and Arnold testified that

they went to Runger's ranch on the evening previous to the larceny pursuant to an understanding with appellant, that appellant had worked at Runger's ranch before, and was familiar with Johnson's horses, that he had described to them the three horses that they were to take, and that on the following day, when they were riding by Johnson's pasture, appellant pointed out to them these three horses, and told them that those were the horses to take; that they were good horses, and that Johnson would not miss them. If this testimony was true there is no question as to appellant's guilt, but there is no evidence aside from this testimony that in any way connects appellant with the larceny. With their testimony out of the record there is no evidence that would even cast suspicion on appellant.

[2] The fact that appellant was with Anderson and Arnold at Johnson's, and saw the horses that were afterwards stolen, and believed that such horses could be easily stolen, if unexplained, is a circumstance that might tend to connect appellant with the larceny, but it is proven that appellant was there at the request of and in the employment of Runger, and at the time he was at Johnson's and saw Johnson's horses, was performing the very duty for which he was employed. Therefore this circumstance is as consistent with innocence as with guilt, and cannot be held to corroborate the testimony of the accomplices.

[3] It is also a significant fact that, while Anderson and Arnold had both pleaded guilty to this offense some time prior to appellant's trial, neither of them had yet been sentenced; therefore there is grave danger that they were casting the responsibility for the theft of the horses upon the appellant in order to lessen the severity of their own punishment, rather than because they believed their testimony to be true. They were both self-confessed thieves, and at least one of them had been guilty of other delinquencies sufficient to show that he was a moral derelict, and that his testimony was entitled to but little, if any, credibility. It was to prevent convictions upon such testimony as this that the statue above referred to was enacted, and a conviction upon such testimony cannot stand.

The judgment and order appealed from are reversed.