FRANK, Appellant, v. RUZICKA, Respondent.

(189 N. W. 515.)

(File No. 4991. Opinion filed August 5, 1922.)

1. **New Trial—Granting, on Insufficiency of Evidence, as Discretionary Judicial Power—Abuse of Discretion Sole Ground of Reversal.**

    It is firmly established as the law of this state, that granting or denying of new trial for insufficiency of evidence to support verdict, is discretionary with trial court; and that after exercise of such discretion reversal will not follow unless there was legal abuse in exercise of discretion amounting to legal prejudicial error.

2. **Same—Stronger Showing Where New Trial Granted Than When Denied—Basis of Rule.**

    The rule of law that it requires stronger showing to warrant this Court in setting aside an order granting new trial than in case of denial of new trial, arises from presumption that second trial will do justice between parties, while if new trial is denied, any existing prejudice cannot be righted.

3. **Appeal—Error—Conflicting Evidence — Non-interference Unless Abuse of Discretion as Arbitrary Action Below.**

    The verdict being based on conflicting evidence, and nothing in appeal record indicating that trial court acted arbitrarily or abused legal discretion, this Court will not interfere.

4. **Appeal—Questions and Answers in Brief—Excess Paging, No Costs Allowed.**

    Where respondent's printed statement contained 18 pages of questions and answers that could have been narrated in two, no costs will be allowed for printing 18 pages thereof.

Appeal from Circuit Court, Hand County. Hon. John F. Hughes, Judge.

Action by W. E. Frank, against Anton Ruzicka. From an order setting aside a verdict and granting a new trial, plaintiff appeals. Affirmed.

*Harlan J. Bushfield,* for Appellant.

*John Pusey,* and *S. V. Ghrist,* for Respondent.

POLLEY, J. This is an appeal from an order setting aside a verdict and granting a new trial on the sole ground of the insufficiency of the evidence to support the verdict.

[1] It has been firmly established as the rule of law in this

state that the granting or denying of a new trial on the ground of the insufficiency of the evidence to support the verdict is a discretionary power of the trial court, and that:

- "After the trial court has exercised this discretionary power by either granting or refusing a new trial, it should not be reversed on appeal unless there has been some legal abuse in the exercise of such discretion amounting to legal prejudicial error." Drew v. Lawrence, 37 S. D. 620, 159 N. W. 274.

[2] And it has also been repeatedly held that it requires a stronger showing to warrant this court in setting aside an order granting a new trial than it does in setting aside an order denying a new trial. The reason being, of course ,that it is presumed that the second trial will do justice between the parties, while, if a new trial is denied, any prejudice that may exist can never be righted.

[3] In this case the verdict is based on conflicting evidence. There certainly is nothing before us indicating that the trial court acted arbitrarily or abused its legal discretion; therefore we have no right to interfere.

[4] Respondent's printed statement contains 18 pages of questions and answers that could have been stated in narrative form in 2 pages. No costs will be allowed for the printing of these 18 pages.

The order appealed from is affirmed.