STATE, Respondent, v. PHILIP et al, Appellants.

(191 N. W. 443.)

(File No. 5150. Opinion filed December 30, 1922.)

**Criminal Law—Intoxicating Liquors—Evidence Held to Corroborate Accomplices and Sustain Conviction for Unlawfully Transporting.**

Evidence held sufficient corroboration of accomplices required by Rev. Code 1919, Sec. 4882, and sufficient to sustain conviction for unlawfully transporting intoxicating liquor.

Appeal from Circuit Court, Haakon County, Hon. John F. Hughes, Judge.

Roderick Philip and Andrew Leonard were convicted of transporting intoxicating liquor, and they appeal. Affirmed.

F. W. Lambert, of Ft. Pierre, for Appellants.

Byron S. Payne, Attorney General, and Benj. D. Mintener, Assistant Attorney General, for Respondent.

Appellants cited: State v. Hicks, 6 S. D. 325; State v. Fullerton Lumber Co., 35 S. D. 432; Crowell v. State, 24 Tex. App. 404, 6 S. W. 318; State v. Koplan (Mo.), 66 S. W. 967; State v. Stephenson (Mont.), 67 Pac. 1001; Smith v. State, (Wyo.), 67 Pac. 977; Malachi v. State, 89 Ala. 134; Chapman v. State, 112

Ga. 56; State v. Allen, 57 Ia. 431; State v. Hennessy, 55 Ia. 299; Commonwealth v. Bosworth (Mass.), 22 Pick. 397; Wright v. State, 43 Tex. 170; Gillian v. State, 3 Tex. App. 132; State v. Willis, 9 Ia. 582; Johnson v. State (Tex.), 32 S. W. 1041; State v. Kemp (N. D.)., 62 N. W. 631.

Respondent cited: State v. Drapeau (S. D.), 189 N. W. 305; State v. Sonneschein, 37 S. D. 585, 159 N. W. 101; State v. Walsh, 25 S. D. 30, 125 N. W. 295; State v. Hicks, 6 S. D. 325; 16 C. J. 708 (1446); R. S., Sec. 4882; 16 C. J. 711-712.

POLLEY, J.    The defendants were convicted upon indictment charging them with having carried and transported intoxicating liquors from one place within the state to another place within the state. From the judgment on this conviction and from an order denying a new trial defendants appeal to this court.

The testimony tends to show that on or about the date named in the indictments appellants went to the place of business in Philip of one Larson, who was the principal witness on behalf of the state, and asked Larson if he would like to buy something to drink. Larson said that he would. Appellants then left the place, but returned on the following day with an automobile. Larson went out to the car, and appellant Philip said, "We are going out to get that sack." Larson then got into the car, and they drove out to a place about three miles north of Philip, and stopped the car by a small bridge or culvert in the road. Philip went to the bridge and pulled out a partly filled gunny sack and also produced, either from his pocket or from under the bridge, a bottle of whisky, from which all three of them took several drinks. They then put the sack, without opening it, into the car and drove west a distance of something like three miles to a small house or shack owned by one Skarsheim, who was an acquaintance of Larson's, and who was a witness for the state at the trial. Larson asked Skarsheim if he could leave the sack there. Skarsheim said that he could, and one of the appellants took the sack out of the car and into the house and left it there. One of the appellants then produced the bottle that they drank out of at the culvert, and all four of them took a drink out of it.

The case appears to have been tried on the theory that Larson was an accomplice, and for the purposes of corroborating his testimony the state called one Eva Schroll, who was employed as

a clerk in Larson's store as a witness. She testified that on about the date mentioned in the indictment she saw the appellants drive up to Larson's store in the car; that Larson got into the car with them, and that they drove out of town to the north; that she saw them return in the same car and stop at Larson's store; that Larson got out of the car, and appellants drove away to the west.

The said Skarsheim testified that about the time mentioned in the indictment Larson came to his place in a car with two strangers; that they left a sack partly filled with something in his shack; and that one of said strangers produced a bottle of whisky from which they all took a drink. He did not know the appellants and could not, or at least would not, identify them at the trial, but did testify that that was the only time that Larson was there with strangers. The sack in question had not been opened at all up to the time it was left at Skarsheim's house. Larson returned for it the following day, but in the meantime it had been stolen, and he never did see what was in it, but one of the appellants told him it was whisky, and that it was the same kind of whisky they drank out of the bottle.

We think this evidence is sufficient to support the verdict, and that the corrborating testimony of Schroll and Skarsheim was sufficient to satisfy the statute. Section 4882. What constitutes corrborating evidence under this statute has recently been discussed by this court, and it is unnecessary to go into it in this case. State v. Sonnenschein, 37 S. D. 585, 159 N. W. 101; State v. Drapeau (S. D.), 189 N. W. 305; State v. Odle, (S. D.), 189 N. W. 515.

If the testimony of Skarsheim is true, it alone is sufficient to prove that appellants transported intoxicating liquor from a place within the state to another place in this state.

The judgment and order appealed from are affirmed.

Note—Reported in 191 N. W. 443. See American Key-Numbered Digest, Criminal Law, Key-No. 511(1), 16 C. J. 1457-1458.