## Brummett v. Commonwealth.
### (Decided March 24, 1936.)

DUNCAN & DUNCAN for appellant.

B. M. VINCENT, Attorney General, and GUY H. HERDMAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

Less Brummett appeals from a two-year sentence for housebreaking.

The evidence for the commonwealth is as follows: O. M. Travis owns a store in Monticello. The night previous to the breaking the windows and doors of the storehouse were locked. When Mr. Travis appeared the next morning, he found that the glass over the transom had been broken out and the store entered and a quantity of merchandise carried away. He then called John M. Burke, the owner of a bloodhound. In the meantime he permitted no one to enter the premises. Burke came, and his dog trailed appellant to the home of his father. In addition to this Wiley Sumpter saw a Chevrolet car like the one owned by appellant in front of his house about 3 o'clock in the morning, and his daughter, Opal Sumpter, also saw the car and two boys carrying sacks over the hill in the direction where the goods were found in the neighborhood of appellant's home, but none in his home. On the other hand, appellant set up an alibi, and he and his witnesses testified that he was with them on the night of the breaking.

On the calling of the case appellant moved for a continuance on account of the absence of Luther Crabtree, and in support of the motion filed his affidavit that Crabtree, if present, would testify that he, in company with Wilburn O'dair and Jim Sexton, broke into the store of O. M. Travis, and that appellant was not present, and further that the witness Crabtree voluntarily stated to Dewey Huffaker and Jim Castillo that he was the person who broke into the store and the said Wilburn O'dair and Jim Sexton were present and assisted him. Diligence in procuring the attendance of the witness was conceded by the commonwealth, and the only question is whether on the showing made the continuance should have been granted. The commonwealth takes the position that, as several witnesses testified that appellant was elsewhere than at the scene of the crime, the evidence of Crabtree was merely cumulative, and the refusal of the continuance was not prejudicial. There is a difference between evidence to the effect that the accused was with certain parties at various times on the night of the crime and the evidence of the man who actually committed the crime that the accused was not a participant in the crime. One may be mistaken as to the facts constituting an alibi, but he who commits a crime like the

one in question cannot be mistaken as to who were present and participated in the crime, even though his criminal record may cast doubt on his veracity. In the circumstances, we think it was an abuse of discretion not to grant the continuance or to permit the affidavit, with the exception of what Crabtree stated to Dewey Huffaker and Jim Castillo, to be read as his deposition.

Another contention is that evidence of the trailing by the bloodhound should not have been admitted, as the qualifications of the dog were not properly shown. On this question the evidence of the owner of the dog is as follows:

"Q. Do you own a bloodhound? A. Yes, sir.

"Q. Tell the jury the qualifications, as near as you can and the pedigree of that bloodhound. A. He is a thoroughbred, registered dog.

"Q. Is he a skilled dog in that line? A. Yes, sir."

The rule on the subject is that, before the trailing by a bloodhound may be permitted to go to the jury as tending to connect the accused with the crime, there must be a preliminary evidence of some person who has personal knowledge of the fact, not only that the dog used is of pure blood and of stock characterized by acuteness of scent and power of discrimination, but that the dog himself has those qualities, and that they have been tested in tracking human beings. Pedigo v. Commonwealth, 103 Ky. 41, 44 S. W. 143, 19 Ky. Law Rep. 1723, 42 L. R. A. 432, 82 Am. St. Rep. 566. It may be conceded that there was sufficient proof that the dog was of the right stock, but all that we have concerning the particular dog is the answer, "Yes sir," to the question, "Is he a skilled dog in that line?" As the evidence is of a kind that is not looked upon with favor, we are constrained to the view that, before the trailing was admitted, his owner should have been required to give more facts concerning the experience, training, and testing of the dog, so that the court could properly determine whether or not he possessed the requisite qualifications.

It was proper to prove that the stolen goods were

found in the neighborhood where appellant lived, but evidence that other parties had been convicted of the crime should have been rejected.

We express no opinion whether there was sufficient evidence to sustain a conviction.

Judgment reversed, and cause remanded for a new trial not inconsistent with this opinion.