STATE, Respondent v. WILLERS, Appellant

(64 N. W.2d 810)

(File No. 9416. Opinion filed June 9, 1954)

**Ralph A. Dunham,** Atty. Gen., and **Richard M. Bielski,** State's Atty., and **Frank Gibbs,** Deputy State's Atty., Sioux Falls, for Plaintiff and Respondent.

**Woods, Fuller, Shultz & Smith and M. M. Berndt,** Sioux Falls, for Defendant and Appellant.

LEEDOM, J. A municipal court jury in the city of Sioux Falls found defendant guilty of permitting and causing a motor truck to be operated on a public highway without an adequate horn in violation of SDC 44.0347. He appealed from the judgment entered below imposing a fine. We find no error in the record and so affirm the judgment of conviction.

The truck involved was being operated by appellant employee. The charge grew out of a highway collision. The driver testified that the horn on the truck was not working at the time of the accident and had not worked any of the time that he had driven the truck during the course of several days employment with appellant. A mechanic testified he examined the electrical system of the horn after the accident and found a fuse blown out. A motor patrolman testified that at the scene of the collision he tried to operate the horn and found it was not in working order immediately after the accident. The patrolman also testified that at the scene the driver stated he had no horn.

The questions presented for our consideration are these: (1) is there sufficient evidence to support the finding of the jury that the truck had actually been operated prior to the accident without a horn in working condition; and (2) even if the horn was not working is the evidence sufficient to warrant the verdict of guilty in the absence of specific proof of knowledge on appellant's part that the horn was not in working condition.

Appellant argues that the driver is an accomplice and that there is no evidence to corroborate his testimony that the horn was not working prior to the accident. It is contended the fact that the horn did not work after the

accident creates no inference it was not working prior to the accident. Assuming without deciding that the driver was an accomplice, it is our view that other evidence in this connection, that is the nature of the accident with no proof of damage to the truck at the location of the horn system, and the discovery of the blown fuse (a cause of horn failure not appearing to be related to the accident) combines with the fact that the horn was out of working condition after the accident, to corroborate sufficiently the driver's testimony and sustain the guilty verdict. As to the condition of the horn after the accident evidencing a like condition previously see Wigmore, Evidence, § 437. See also Commonwealth v. Arone, 265 Mass. 128, 163 N.E. 758. Appellant admittedly owned the truck and it was being driven for him and in the course of his business at the time. This evidence clearly connects him with the offense. Corroborating evidence may be only circumstantial, need not be strong and its sufficiency is for the determination of the jury. State v. Walsh, 25 S.D. 30, 125 N.W. 295; State v. Odle, 45 S.D. 575, 189 N.W. 515; State v. Drapeau, 45 S.D. 507, 189 N.W. 305.

 An offense such as driving a motor vehicle on a public highway without an adequate horn as prohibited by SDC 44.0347 is one commonly decribed as mala prohibita as distinguished from offenses which are mala in se. In the prosecution of a violation of this statute we hold it is not necessary to prove specific criminal intent or guilty knowledge. 22 C.J.S., Criminal Law, § 30; 61 C.J.S., Motor Vehicles, § 591; and see Commonwealth v. Ober, 286 Mass. 25, 189 N.E. 601. This does not mean however that the statute is absolute in the sense that every violation of its express terms renders one guilty under the law. Circumstances could very well exist under which a violation would be excused. Such circumstances are those arising from conditions in which the person involved could not reasonably be expected to know that he was omitting or committing an act contrary to the statute or having such knowledge could not under the circumstances reasonably be expected to act otherwise than contrary to the statutory provisions. It is our view however that proof of such extenuating circumstances are matters of defense. Blashfield's Cyclopedia of Automo-

bile Law and Practice, §§ 5331, 5332; and see People v. Pulizzi, 99 Misc. 405, 106 N.Y.S.2d 680 and cases there cited.

We have hereinbefore indicated that there was sufficient evidence offered to warrant the jury's finding that the truck was operated on the highway without a horn in working condition. This evidence made out a prima facie case under our interpretation of SDC 44.0347 even though there was no proof of specific intent or actual knowledge on the part of appellant. It then became incumbent on him to prove to the satisfaction of the jury circumstances that would establish he had no reasonable way of knowing that the horn was not in working condition. The jury verdict establishes that there was not persuasive proof that such circumstances did in fact exist.

Appellant took exception to the admission of the motor patrolman's testimony that the driver told him immediately after the accident the truck had no horn. Inasmuch as the truck driver himself testified the truck had no horn, such testimony by the motor patrolman could not possibly prejudice appellant's case.

The judgment entered below is affirmed.

All the Judges concur.