STATE, Respondent v. STECKER, Appellant

(108 N. W. 2d 47)

(File No. 9876. Opinion filed March 14, 1961)

**Thomas Mani,** Milbank, for Defendant and Appellant.

**A. C. Miller,** Atty. Gen., for Plaintiff and Respondent.

ROBERTS, J. An information was filed in the Circuit Court of Codington County charging the defendant, Franklin H. Stecker, with the crime of robbery from the person of one Elmer O'Neil. Defendant was tried and convicted. He moved for new trial which motion was denied. Defendant has appealed.

The record presents for review the sufficiency of the evidence to support the conviction. Proof of guilt rests upon the testimony of Donna Zieman, a confessed accomplice to the alleged crime. It is contended that there is no evidence which, in itself and without the testimony of the accomplice, tends to connect the defendant with commission of the offense.

The crime was committed some time after 11:00 o'clock the night of March 4, 1959. Elmer O'Neil, victim of the crime, was 78 years of age, living with a daughter in Watertown. He testified that prior to going to the Canteen Bar the evening of that day he had cashed a social security check in the amount of $71 and that he also had $13 in his billfold. In response to the invitation of Donna Zieman to take him to his home, the witness rode in a car driven by her. She stopped the car at a place along a graveled street in the west part of Watertown where the robbery was committed. The witness further testified that he was hit "over the head from the back"; that he may have been hit with a beer bottle; that glass from a broken beer bottle was found in his clothing when he was taken to the hospital; that he did not know who hit him; and that when on the ground near the car someone cut at his throat. We quote from his testimony:

"Q. Do you know who was cutting your throat? A. No, I don't. I didn't see nobody.

"Q. Did you hear anyone say anything during the time you were on the ground? A. Not a word. * * *

"Q. What do you remember next, Elmer? A. Well, I layed there a little while and then I kind of come too and seen a light about half a block and I got over to the woven fence and went up to this house and made a noise and they called the police and took me to the hospital."

According to the testimony of Donna Zieman, she and defendant after several conversations between them in the Canteen Bar agreed that she would entice their victim into a car and drive to a secluded place where defendant hiding behind the front seat would attack and rob their victim. After perpetration of the robbery, she and the defendant driving the car returned to the Canteen Bar. Defendant went into the bar and returned shortly accompanied by Jerome Pionk, owner of the car which they had been driving. They drove to the residence where Donna Zieman resided. It appears from her testimony that Jerome Pionk found an empty billfold on the dashboard of the car which she first saw on the trip back to the Canteen Bar and that with kleenex furnished by the witness he picked up the billfold and examined it. She also testified that defendant handed her two five dollar bills.

The following morning Donna Zieman was arrested. She testified on direct examination that she plead guilty to a charge of robbery and that sentence was imposed.

It appears that when the State rested there was no evidence other than the testimony of Donna Zieman which directly implicated the defendant in the robbery. The accused introduced no evidence in defense. The State contends that there was ample corroboration in the testimony of Jerome Pionk to justify submission of the case to the jury. When asked if this witness saw a billfold in the car, the court ruled that he was required to answer despite his objection that the testimony might tend to incriminate him since such testimony could nct be used against him in any other action or proceeding. See SDC 1960 Supp. 34.2406. The witness then unwillingly testified that he picked up an empty billfold that he found on the

dashboard of the car. He denied that he knew of the planned robbery, was an active participant therein or advised and encouraged its commission. The witness admitted that he asked defendant when they and Donna Zieman were together in the car if defendant had hurt the victim. There can be no question that one accomplice may not testify in corroboration of the testimony of another accomplice. State v. Quinn, 69 S.D. 574, 13 N.W.2d 50. The question asked did not necessarily imply that the witness Pionk had knowledge of the planned robbery. In ruling upon this evidence the trial court stated: "I don't think there is enough evidence for me to say, as a matter of law, that Pionk was an accomplice". We agree that the question whether this witness was an accomplice was one of fact and the court did not err in submitting the issue to the jury.

The sheriff and a Watertown policeman appeared as witnesses for the State and testified that they found glass from a broken beer bottle both in the car and at the scene of the robbery. There was also the testimony of Jerome Pionk that the next morning he found in his car glass from a broken beer bottle.

SDC 1960 Supp. 34.3636 making imperative corroboration of an accomplice where proof of guilt of the crime charged rests solely upon the testimony of the accomplice reads:

> "A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof."

At common law the testimony of an accomplice, if it satisfied the jury beyond a reasonable doubt of the guilt of the defendant, was sufficient to warrant a conviction although it was not corroborated. Because of the dangers incident to a conviction upon the uncorroborated

testimony of an accomplice statutes in a great many jurisdictions have been enacted as in this state prohibiting a conviction on the uncorroborated testimony of an accomplice. 22 C.J.S. Criminal Law § 810; see also Wigmore on Evidence, §§ 2056—2060. The statute does not require that corroborative evidence be produced which, by itself, would sustain a conviction. State v. Hicks, 6 S.D. 325, 60 N.W. 66. The rule is satisfied if such evidence in some substantial degree tends to affirm the truth of the testimony of the accomplice and tends to establish the guilt of the defendant. State v. Levers, 12 S.D. 265, 81 N.W. 294; State v. Phillips, 18 S.D. 1, 98 N.W. 171; State v. Walsh, 25 S.D. 30, 125 N.W. 295; State v. Drapeau, 45 S.D. 507, 189 N.W. 305; State v. Pray, 65 S.D. 1, 270 N.W. 512. Circumstantial evidence may be sufficient to corroborate the testimony of an accomplice. State v. Willers, 75 S.D. 356, 64 N.W.2d 810. Where evidence of corroboration appears, its weight and credibility is for the jury. State v. Walsh, supra.

▉ Appellant cites State v. Quinn, supra, and other cases, in support of the claim that it is insufficient corroboration to show that an accused talked to the accomplice a short time before commission of the offense. There can be no question that such evidence does not in itself measure up to the requirements of the statute which insists that the testimony offered must connect defendant with the crime and not simply with someone who participated in the offense charged. It, however, need not be strong, absolutely convincing or as we have stated sufficient in itself to support a conviction. State v. Odle, 45 S.D. 575, 189 N.W. 515. Significant is the fact that when defendant returned in the car to the Canteen Bar a short time after the commission of the offense charged he was accompanied by the accomplice Donna Zieman. This was the car which defendant with permission of the owner, Jerome Pionk, had frequently driven and the early evening of the robbery had been parked by defendant across Broadway Street from the Canteen Bar. This according to the testimony of Elmer O'Neil is where he and Donna Zieman entered the car used by her in conveying him to the place of the robbery. There

is also the testimony by Jerome Pionk that defendant paid to her a sum of money and that he found in the car an empty billfold. These are more than suspicious circumstances. The jury could reasonably conclude that the money came from the robbery and that the empty billfold in possession of the defendant was taken from the person of the victim. Considering the evidence as a whole we think there was sufficient corroboration.

SDC 13.2601 defines robbery as follows: "Robbery is a wrongful taking of personal property in the possession of another from his person or immediate presence, and against his will, accomplished by means of force or fear. * * * The taking of property from the person of another is not robbery when it clearly appears that the taking was fully completed without his knowledge." Defendant contends that the taking of the money of the victim was completed without his knowledge and hence the evidence is insufficient to support the judgment of conviction.

■ To constitute robbery the taking of the property must be accomplished by force or by putting the victim in fear. The force or intimidation is the gist of the offense. In 57 L.R.A. 432 and 8 A.L.R. 359 are annotations wherein authorities are cited in support of the rule that if the taking of property from the person of another is accomplished by force, although the victim does not know what is being done, it is nevertheless robbery. A case cited therein is Brennon v. State, 25 Ind. 403, wherein it is said: "It may sometimes be a nice question, whether a case be robbery or larceny. Some physical exertion is usually necessary to commit the latter crime. This is force in a sense, but force is not always violence, an essential element of the robbery charged in the case before us. It is true, as was observed by this court in Seymour v. State, 15 Ind. 288, that the particular degree of force necessary to constitute robbery is not defined, either by the statute or the common law; nevertheless it does not follow, and it would be contrary to all authority to hold, that any force is sufficient. There must be enough to constitute violence. Thus, it has

been often holden that a sudden snatching from a person unawares is not sufficient." Burke v. People. 148 Ill. 70, 35 N.E. 376, 377, is a case wherein it appears that the victim did not know the purpose of the use of force and in holding that the taking of the pocketbook of the victim was robbery the court said: "The evidence in this case discloses the fact that the defendant Burke made the assault on Schultz, and used force to take from his person against his will his pocketbook containing his money, and this is sufficient to constitute the offense."

█ It was not necessary to a conviction to show that the victim was aware at the time that he was being robbed. Force or fear must be used to obtain possession of the property or to prevent or overcome resistance to the taking. The stealthy or secret taking of property from the person of another before the victim is aware of what is being done is not robbery. This is the intended distinction in the foregoing definition of the crime of robbery. The evidence in this case discloses that force was used to take the billfold containing money from the possession of Elmer O'Neil and was sufficient to constitute the offense.

We find no error in the record to justify reversal and the judgment appealed from is affirmed.

All the Judges concur.