**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Randall Eugene MOELLAR, Defendant and Appellant.**

**No. 12610.**

Supreme Court of South Dakota.

Argued May 10, 1979.

Decided July 11, 1979.

John P. Guhin, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Richard F. Staley, Sioux Falls, for defendant and appellant.

FOSHEIM, Justice.

The defendant, Randall Moellar, was convicted of first-degree burglary. At trial, he moved for a directed verdict, both at the end of the state's case and again at the conclusion of all the evidence. Both motions were denied, as was a motion for a judgment of acquittal. The issue on appeal is whether there was sufficient evidence to allow the jury to decide the question of guilt. We affirm.

Walter Sichmeller owned a trailer house on Burnside Avenue in Sioux Falls which he rented to Rhodie Scott and Tom Roland. In the first part of March, 1978, the tenants reported damage to the trailer. The owner found both doors damaged and the inside ransacked. Rhodie Scott testified that he and Roland were absent at the time of the break-in. When they returned they found the damage and determined that several items were gone. Scott was missing a Motorola television and a backpack with a metal frame. The backpack contained two fishing reels and an attached sleeping bag. Roland was missing a Westinghouse television set.

Paul Schwartz testified that at about 9:00 p. m. on a day in the first part of March, 1978, he and the defendant and Mike Tousaint went to the Nashville Club in Sioux Falls to drink liquor. After staying at the Nashville Club for a considerable period, he and the defendant went to the trailer house occupied by Rhodie Scott and Tom Roland. Tousaint did not go with them. Schwartz was driving. The defendant went to sleep in the back seat but woke up when they arrived. They both went to the trailer house, and Schwartz pounded on the door. When no one answered, the defendant kicked in an outside door, and Schwartz reached in and opened an inside door. Schwartz further testified that he and the defendant then ransacked the house, and put two television sets and a backpack in the trunk of the car. They then drove to the Tom Kuhnert residence in Valley Springs, where defendant resided in March, 1978. Schwartz stated that he took one of the television sets home with him, leaving the other one at Kuhnert's. At trial, he identified certain exhibits as the television sets in question.

The basic question on appeal is whether the evidence introduced to corroborate the testimony of Schwartz satisfies SDCL 23–44–10, which provides:

A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof.

 This statute does not require that corroborative evidence be produced which, by itself, would sustain a conviction. *State v. Rauscher*, 267 N.W.2d 582 (S.D.1978); *State v. Stecker*, 79 S.D. 79, 108 N.W.2d 47 (1961); *State v. Odle*, 45 S.D. 575, 189 N.W. 515 (1922); *State v. Hicks*, 6 S.D. 325, 60 N.W. 66 (1894). The rule is satisfied if such evidence in some substantial degree tends to 1) affirm the truth of the testimony of the accomplice, and 2) establish the guilt of the defendant. *State v. Drapeau*, 45 S.D. 507, 189 N.W. 305 (1922); *State v. Levers*, 12 S.D. 265, 81 N.W. 294 (1899).

The corroborating evidence, beyond commission of the crime itself, will be discussed in two parts. The first segment associates the defendant with the accomplice Schwartz at or about the time the crime was committed. The second part relates to defendant's possession of the stolen property.

Tom Kuhnert testified that he remembered an occasion when Paul Schwartz, Mike Tousaint, and the defendant went to Sioux Falls for an evening of drinking in a bar where Peggy Davis was working.[1] Paul Schwartz was driving when they left the Kuhnert-Moellar residence.

Peggy Davis and Vicki McGreen testified that during an evening in March, 1978, Schwartz, Tousaint, and the defendant spent several hours drinking together at the Nashville Club in Sioux Falls where Ms. Davis and Ms. McGreen were employed as barmaids. Peggy Davis said all three arrived together about 9:30 p. m. and that Tousaint was the first to leave. She further testified that when Schwartz and the defendant left, Schwartz was driving. This supports the testimony of Schwartz that he drove from the Nashville Club to the trailer house.

 We have long recognized the general rule that the association of a defendant and an accomplice in the neighborhood where the crime was committed may sufficiently connect the defendant with the crime to furnish the necessary corroboration of the accomplice. *State v. Drapeau, supra.*[2] The record does not reveal the proximity of the Nashville Club to the burglarized trailer. The testimony of Kuhnert, Davis and McGreen does, however, show a close association between the defendant and the accomplice in Sioux Falls at about the time of the burglary. That evidence is consistent with the sequence of events related by Schwartz.

With respect to the defendant's possession of the fruits of the burglary, the testimony of two witnesses supports the Schwartz version. Tom Kuhnert testified that the defendant and Paul Schwartz were at his residence when he came home about 2:00 a. m. following the drinking party. He then observed "Exhibit 10," one of the stolen television sets, and a backpack in the kitchen. He later saw the television set in a creek bottom about fifty to one hundred yards from the house where both he and the defendant lived. (One of the stolen television sets was recovered by the police from the creek bed near the Kuhnert residence.) He thought the backpack was in the garage for awhile and was then placed in the trunk of a car owned by defendant's girlfriend. He also believed the defendant had the keys to this car.

Roger Zirpel remembered an occasion in March, 1978, when he was upstairs in the home of Tom Kuhnert and Randall Moellar. He heard the defendant and Paul Schwartz talking below. When he went downstairs, he observed the TV and a backpack which had not been there before.

1. Also referred to in the record as Peggy Davis Anderson.

2. We adhered to that rule in *State v. Rauscher*, 267 N.W.2d 582 (S.D.1978). See also *State v. Odle*, 45 S.D. 575, 189 N.W. 515 (1922).

In *State v. Vierck*, 23 S.D. 166, 170–71, 120 N.W. 1098, 1100 (1909), we stated:

We are inclined to the view that the recent possession of stolen property whether in larceny or in burglary, and whether such possession be "explained" or "unexplained," is a circumstance—an evidentiary fact—which may have a greater or lesser weight as proof of guilt, when considered with, and strengthened or weakened by, all the other evidence in the case. If the evidence tends to show the possession to be an honest one, the probative force of the fact of recent possession may be greatly modified or entirely destroyed. If wholly unexplained, it may carry a conviction of guilt to the minds of the jury; but, whether explained or unexplained, it is competent and relevant evidence upon the issue of guilt or innocence. . . . We think the true rule is that recent possession of the stolen property, either in larceny or in burglary, is a circumstance which should be left to the jury, with instruction to give it such weight as they think it entitled to, when considered in connection with all the other evidence, in determining the guilt or innocence of the accused.

See also 13 Am.Jur.2d Burglary § 55 (1964).

■ The testimony that one of the stolen television sets and also a backpack were seen in the joint possession of the defendant and Schwartz shortly after the burglary associated the defendant with the crime itself and again with the accomplice. Similarly, the evidence that this stolen television set was recovered in the neighborhood where defendant lived connected defendant with the crime. *State v. Gates*, 246 Iowa 344, 67 N.W.2d 579 (1954); *Brummett v. Commonwealth*, 263 Ky. 460, 92 S.W.2d 787 (1936). Consequently, there was competent evidence independent of the testimony of Schwartz from which the jury could find that the defendant was in close association with the accomplice in Sioux Falls and Valley Springs at about the time the crime was committed, and that the defendant and the accomplice were jointly in unexplained possession of the recently stolen property. Even though circumstantial, this evidence

can satisfy the requirements of corroboration. *State v. Willers*, 75 S.D. 356, 64 N.W.2d 810 (1954); *State v. Odle*, supra.

■ The state's evidence, including the reasonable inferences which the jury was at liberty to draw from the circumstances presented, was sufficient to justify the verdict. *State v. Bates*, 76 S.D. 23, 71 N.W.2d 641 (1955); *State v. Fox*, 72 S.D. 119, 31 N.W.2d 451 (1948).

The judgment is affirmed.

All the Justices concur.